JOSIAH LANE <em>against</em> JOHN COOK, jun.

MOTION for a new trial.

This was an action of book debt.

The defendant pleaded the general issue. On the trial, the defendant exhibited his account, and offered evidence to support it; to which the defendant objected, on the ground that the account was *res adjudicata.* In support of his objection, the defendant produced a record of the *city court* of the city of *New-Haven*, in an action in which *Cook* was plaintiff, and *Lane* defendant. It was an action of book debt, in common form, demanding one hundred dollars. The plea was as follows: " *New-Haven* city, *April* 13th, 1806. The defendant in court defends, pleads and says, that he does not owe the plaintiff, in manner and form, as the plaintiff in his declaration hath alleged, but that the plaintiff owes him on book; and hereof puts himself on the court for trial." Issue was joined on this plea; and the court gave judgment for *Cook* to recover the whole of his

A record, that the defendant in an action of book debt appeared, and pleaded that he owed the plaintiff nothing, but that the plaintiff owed him, and judgment that the parties were fully heard thereon, is conclusive against him, in another action on book.

June, 1808.

LANE
v
COOK.

demand. That judgment was as follows: " At a city court holden within and for the city of *New-Haven*, in the county of *New-Haven*, on the second *Tuesday* of *May*, one thousand eight hundred and six. *John Cook*, jun. of said city, plaintiff, *versus Josiah Lane*, of said city, defendant. In an action of debt on book, demanding one hundred dollars damages, as by writ of attachment dated *April* 11th, 1806. The parties appeared, and were joined in an issue of *owe nothing*, to the court; as by the pleadings of the parties at large, under hand, on file. The court having fully heard the parties thereon, do find, that the defendant does owe the plaintiff in manner and form as the plaintiff in his declaration hath alleged; and thereupon it is considered, that the plaintiff recover of the defendant one hundred dollars debt, and his cost, taxed," &c.

The plaintiff, to repel the objection of the defendant, then stated, and offered to prove, that he was hindered from arriving in *New-Haven* at the time of the trial, and neglected to exhibit his account to be adjusted by said city court; so that said judgment was rendered wholly on the account of the then plaintiff.

The *superior court* ruled, that the defendant's objection was sufficient, holding that the judgment of the city court was conclusive upon the parties as to all matters on book subsisting between them at the date of the writ in that action. They therefore rejected the evidence offered by the plaintiff, both in support of his account, and relative to the former judgment; and the defendant obtained a verdict. For the rejection of this evidence, the plaintiff moved for a new trial; and the question was reserved for the opinion of the nine judges.

*Goddard*, in support of the motion, contended,

June, 1808.

LANE
v.
COOK.

1. That a judgment generally, is not conclusive upon all the matters, which *might* have been proved under the issue; but that an inquiry may be gone into, to show what matters did in fact come in controversy, and were adjudicated upon. In support of this position, he relied upon *Seddon et al.* v. *Tutop*, 6 *Term Rep.* 607.

2. That in the case of *book debt*, an inquiry whether the defendant in the former action exhibited his account on the trial, is authorized by statute. *Tit.* 25. c. 1. s. 4.

*Ingersoll*, contra, insisted, that from the record of the city court, it appeared, that *Lane's* account was then in controversy between the parties, and adjudicated upon by the court. No inquiry can be gone into, which will *contradict* the record.

BY THE COURT. It appears by the record of the city court, that *Lane*, the defendant in that action, and plaintiff in this, appeared in the court to defend, and pleaded that he owed the plaintiff nothing by book, but that the plaintiff owed him. The necessary legal inference, therefore, is, that his book account was then submitted to the consideration and decision of that court. And the judgment states, that the court fully heard the parties in the premises; found that the defendant did owe ; and thereupon did consider, &c.

This appearance and plea of *Lane*, and the judgment of the city court in that action, are conclusive upon the parties thereto, as to all matters on book subsisting between them at the date of the writ, on which that judgment was rendered. The evidence offered by the plaintiff, before the superior court, was, therefore, properly rejected.

New trial not to be granted.