The opinion ,of the court was delivered by
Duncan, J.
This was an action brought before Alderman Kep'pele by the defendant in error, John Hall, to recover a balance of fifty dollars, alleged to be- due to John Hall from Ingraham for services rendered. The alderman gave judgment for the plaintiff, and this appeal was then entered. One short view of this case disposes of all the objections. During the performance of these services, John Hall applied 1o his expenses fifty dollars of money collected by him for his son Harrison. Ingraham authorized John Hall to draw on him for this amount, which he did in favour of Harrrison Hall. This draft Ingraham refused to accept. He afterwards drew his check in favour of John Hall; and when he 'delivered it to him, he said it was in full of the draft. John Hall said he would not receive it as such, or that it was not, or words to that effect. By the transcript filed, it appears to have been a suit in the name of John Hall for the use of II. Hall for fifty dollars; less by twenty-five dollars, after deducting this check of fifty dollars, than John Hall’s demand. John Hall brought an action some time after on the same account for twenty-five dollars, but which, it appeared, never had been proceeded on. On the trial, Ingraham gave in evidence an account rendered by John Hall, dated January 3d, 1820; in which he charges him for services, including disbursements, with one hundred and twenty-five dollars; and ere *83 dits him with cash received on account from Harrison Hall fifty dollars, and strikes a balance of seventy-five dollars. The objections are, that this was one contract, entire,- and' could not be split; two actions could not be supported for the same demand. All this is most true, and would have been an answer to the second action. The first action for the whole balance, though it was only for fifty dollars, would have been a complete bar to any other action brought for the same demand. There was nothing forbidden in the deduction. He could not recover more than fifty dollars. He' has received less by twenty-five dollars than his real debt. Where a recovery has been had in a suit in which the plaintiff counted for an entire sum, e. g. a balance, the record of such recovery is a conclusive bar to any other action brought, on the same contract. Kess v. Heeble, 6 Serg. & Rawle, 57. This was not an action by Harrison Hall, or for money advanced by him, or on the draft which Ingraham promised in writing to accept, but did not. And admitting the right of Harrison Hall to sue in his own name for the fifty dollars,- he'was not bound so to do‘. He might return it to' the drawer, and so he did; and so the plaintiff in error understood, or why draw the check in John’s name ? Why pay it to- him in discharge of the draft ? It is very reasonable to1 suppose that In-graham intended this as a payment in full, arid very natural for John Hall to say,- “I do' not take this, or account it to be, in full of -the.draft; because, not being accepted, and being returned to me, it became ar nullity; it neveaSad life; and I will credit it in your account:” which he did, am which Harrison Hall ratified by this action, which was for a balance. There could be no balance' without‘deducting this; for nothing else had been paid. For what purpose was this evidence given ? It could only be as proof of payment, and for that payment he is credited. He could not say, “I paid that on the draft, and you misapplied it by passing it to my general credit.” It just amounts to the same thing;, if it was applied, as he said it ought to be applied, to pay the draft,- the balance would be recoverable in this action. It could not first be' applied to pay the draft, and then deducted from the balance. That would be having credit for one hundred, instead of fifty dollars and he has, in fact, credit for it jn the account produced by himself, as for so much advanced by Harrison Hall. The argument is founded, on the assumption, that Ingraham owed John Hall money on two distinct contracts. This was not so. The unaccepted draftof John Hall did not make him his debtor for that fifty dollars. Whatever debt he owed John Hall was one entire debt; therefore the rule quicquid solviíur, solvitur ad modum solventis can have no application. John Hall had no claim on Ingraham, but for these services; therefore there was nothing else to which to apply thé payment. The drawer and the payee, the bill not being accepted, pould cancel it, and restore things to their first state. Indeed they never were altered: the unaccepted bill was no payment *84 to John Hall. It gave him no cause of action. Harrison Hall was not bound to pursue Ingraham on this bill; he might return it to Hall. He did return it ;• and Ingraham has got credit for the fifty dollars on the proper account. It operates as payment of fifty dollars in his favour; and the very party who, he says, ought to have got it, has got it; for Harrison Hall acknowledges by this action for the balance, that there has been this payment, and never could trouble Ingraham on account of this bill; this action would show payment and be a bar. Harrison Hall, on Ingraham’s re-fusal to accept the bill, could have sued John Hail immediately for •the money he had applied in these expenses. As soon as the drawee refused for one moment to accept the bill, his right of action was well vested, and that without returning the bill. Mussen v. Price, 4 East, 147. Aukley v. Handy, 7 Taunt. 312. If so, John Hall’s right of action for his- whole amount was at the same moment vested in him..
Judgment affirmed.