ALBANY,
Jan. 1832.

Guernsey
v.
Carver.

<hr/>

GUERNSEY *vs.* CARVER.

An *account for goods sold*, all due, *is an entire demand*, incapable of being split up for the purpose of bringing separate suits ; and accordingly where a creditor split up an account into two parts, brought a suit for one part, and was defeated, and subsequently brought a second suit for a residue of his account, on a plea of a former suit, *it was held*, that the plea should be sustained, and that the plaintiff was not entitled to recover.

ERROR from Monroe common pleas. Carver sued Guernsey in a justice's court, and declared against him on a book account, consisting of 7 items of merchandise, delivered between the 20th July and the 27th August, 1828, amounting, together, to the sum of $2,35. The defendant pleaded the general issue and a former suit, for *the same identical cause and*

*causes of action*, and that such proceedings were had in such suit that it was adjudged by the justice before whom the suit was tried, that the plaintiff *should go thereof without day*, and that the defendant should recover his costs of defence. Issue being taken upon this plea, the cause was tried, and the justice rendered judgment for the defendant. The plaintiff appealed to the Monroe common pleas. On the trial in that court, it appeared that the plaintiff had an account against the defendant, consisting of *twenty* different articles of merchandise, delivered on *fourteen* different days, between the 4th June and 27th August, 1828, amounting to between $5 and $6; that he commenced a suit against the defendant, and exhibited an account of items delivered between 1st June and 19th July, 1828, amounting to $2,74; that the defendant pleaded a *tender* in such suit, and obtained judgment for costs. The present suit was for the balance of such account, viz. for items delivered between 20th July and 27th August. The defendant insisted that he was entitled to a verdict, but the common pleas decided that on a running account, where no special contract was made at the commencement of the account, and where items have been delivered on such account at different times, without any intermediate agreement, each separate delivery formed a separate and distinct cause of action, and that separate suits might be maintained on each separate delivery, and accordingly instructed the jury, who found a verdict for the plaintiff for $2,35. The defendant excepted to the decision of the court, and sued out a writ of error.

M. F. *Delano*, for plaintiff in error, who, among other cases, cited 15 Johns. R. 432, 433. 16 id. 139. 1 Wendell, 487.

H. *Gay*, for defendant in error.

*By the Court*, NELSON, J. It is perfectly settled in this court, that if a plaintiff bring an action for a part only of an entire and indivisible demand, the judgment in that action is a conclusive bar to a subsequent suit for another part of the same demand. *Miller* v. *Covert*, 1 Wendell, 487, and cases there cited. This case comes within the reason and spirit of

ALBANY,<br>
Jan. 1832.<br>
Guernsey<br>
v.<br>
Carver.

that principle. The whole account being due when the first suit was brought, it should be viewed in the light of an entire demand, incapable of division, for the purpose of prosecution. The law abhors a multiplicity of suits. According to the doctrine of the court below, a suit might be sustained (after the whole became due) on each separate item delivered, and if any division of the account is allowable, it must no doubt be carried to that extent. Such a doctrine would encourage intolerable oppression upon debtors, and be a just reproach upon the law. The only just and safe rule is to compel the plaintiff on an account like the present to include the whole of it due in a single suit.

The judgment must be reversed with costs, and no *venire* to be awarded.