By the Court, Nelson, Ch. J.
As I understand this case, there has been a total failure to perform the covenants on the part of the intestate and those representing him, since the year 1826, and a recovery had for the-damages arising therefrom to the plaintiff down to the year 1835, the time the former suit was brought. He now claims to recover from that time to the commencement of this action, insisting that the covenant is a continuing one, and the liability to perform on the part of the covenantor and his representatives, perpetual. I cannot assent to this construction. It is true, the covenant stipulated for a continued supply of water to the plaintiff’s mills; and in this respect it may be appropriately styled a continuing contract. Yet, like any other entire contract, a total breach put an end *56 to it, and gave the plaintiff a right to sue for an equivalent in damages. He obtained that equivalent or should have obtained it in the former suit. To allow a recovery again, would be splitting up an entire cause of action, in violation of established principles. (Bendernagle v. Cocks, 19 Wend. 207.) (a)
New trial denied.

 See Cowen & Hill's Notes to Phil, Ev. 842,3, 966, 7; also Bristow v. Fair clough, (1 Mann. & Grang. 143.)