Oliver v. Holt.

## OLIVER v. HOLT.

1. A continuous running account, between the same parties, is an entire thing, not susceptible of division, the aggregate of all the items being the amount due, and therefore a recovery of a part by suit, will bar an action for the residue. The rule applies to a physician's account, who having sued for and recovered a part, cannot maintain an action for the residue of the account.

Oliver v. Holt.

Error to the Circuit Court of Montgomery.

Assumpsit by the defendant, against the plaintiff in error. The declaration is in the usual form, upon a physician's account.

The defendant pleaded a former recovery before a justice of the peace for $37 50, for not performing the same identical promises and undertakings in the declarations, which he has since paid, &c.

The plaintiff replied that the recovery before the justice, was not for the non-performance of the promises and undertakings in the declaration mentioned, but for the non-performance of other and distinct promises and undertakings, &c. wherefore, &c.   The defendant rejoined, re-affirming the facts alledged in the plea.

The jury found a special verdict, that the defendant became indebted to the plaintiff for medicine, and medical attention, in the sum of one hundred and sixteen dollars, and that after the contracting of this indebtedness, and after it became due, the plaintiff brought an action before a justice of the peace, upon a medical account, and recovered in said action, before said justice, between $30 and $40, which judgment remains unreversed.   That the items specified in the account tried before the justice of the peace, are distinct and different from those sued for in this action.   That some portion of each account was made the same year.

Upon these facts, the court rendered judgment for the plaintiff for $116, which is the matter now assigned as error.

A. MARTIN, for the plaintiff in error.

The judgment of the court below is erroneous.   An account due is an indivisible demand, and but one cause of action.   [Lock v. Miller, 3 Stew. & P. 14; De Sylva v. Henry, 3 Porter, 132; Bendernagle v. Cocks, 19 Wend. 207.]

A non-prosecution of a suit to judgment upon a part of an account, the whole of which is due, is, while that judgment is unreversed, a bar to a subsequent suit on the balance of the account.   [Guernsey v. Carver, 8 Wend. 492; Stevens v. Lockwood, 13 Wend. 644; Colven v. Corwen, 11 Wend. 557;

Bunnell v. Pinto, 2 Conn. R. 431; Avery v. Fitch, 4 Conn. R. 362; Lane v. Cook, 3 Day, 255; Markham v. Middleton, 2 Strange, 1259; 3 Phil. Ev. 842, n. 592, and authorities cited above.]

The judgment of the court does not correspond with the finding of the jury.

ELMORE, contra.

1. Under the issues, the plaintiff could show that the matters in this action were not included or submitted to the jury in the former suit.

2. When the court could pass on the whole if submitted, or when they might have been proved under the form of action, the presumption is that they were submitted, but this can be rebutted by proof. [Snider, et al. v. Croy, 2 Johnson, 227; Phillips v. Berick, 16 Ib. 136; Badger v. Titcomb, 15 Pick. 409; Sedden v. Tutop, 6 Term, 607.]

3. And if not submitted in fact, is no bar, unless under an entire contract, and the verdict of the jury has found the issues in favor of plaintiffs; and the record shows that the two demands were distinct and not embraced, and could not have been submitted in the trial before the justice. One test is, could the same evidence sustain both actions? [Snider, et al. v. Croy, 2 Johnson, 230; Brockaway v. Kreisy, 2 Johns. 210; Eastman v. Cooper, 15 Pick. 276; Sedden v. Tutop, 6 Term, 608; Weaver v. Cowles, 2 Robinson Va. 438; Young v. Manby, 4 M. Selwin, 184; Rex v. Shuff, 1 B. & Adol. 672; Smith v. Whiting, 11 Mass. 445.]

4. On the finding of the jury, the court pronounced the proper judgment. [See cases *supra.*]

ORMOND, J.—The writ in this case was sued out on the 30th January, 1843, and the judgment rendered by the justice of the peace which is pleaded in bar, on the 8th February afterwards; it is therefore a just inference, that the action was commenced before the justice before this suit was instituted. It has been argued on that hypothesis, and we shall so consider it.

The facts as found by the jury, establish that there was a running account between these parties for services rendered

Oliver v. Holt.

by the plaintiff as a physician, and that the entire account was due when the action was commenced before the justice of the peace. The question then presented by the record is, whether a suit, and recovery of judgment, for part of an account, is such an abandonment of the residue, that no action can afterwards be maintained for it. This is a different question from that which arises when a former recovery is relied on, because in a previous action between the same parties, the same matter was put in issue, and and was, or might have been passed upon by the jury.

The case of Seddon v. Tutop, 6 Term Rep. 607, is a leading authority upon this subject. There the plaintiff counted on a promissory note, and also for goods sold and delivered, and obtained a judgment. He afterwards brought suit for the goods sold, and the court held that the former recovery was *prima facie* evidence that the plaintiff's entire demand had been submitted to the jury, but that he could show that it was not, and that in fact no evidence whatever was submitted to the jury upon the demand then sought to be enforced. Lord Kenyon distinguishes the case from one, where a party suing on a single demand, fails to make proof of a part, in which event the verdict would be a bar to another suit for the portion of the demand which the plaintiff failed to recover in the first suit. This principle has been frequently recognized in this court.

In this case, the jury have found, that the items composing the account recovered before the justice, are separate and distinct from the items of this account; it is clear, therefore, that this matter was not, and could not have been passed upon by the justice of the peace, and the only question is, whether a running account is such an entire thing, that it is not susceptible of division, and that therefore a recovery in a suit instituted for a part, will bar a suit for the residue. Such is our opinion. A continuous running account between the same parties, is an entire thing, not susceptible of division, the aggregate of all the items being the amount due. If this is not so, then each item of which the account is composed is a separate debt, for which the party may sue. An account may doubtless be composed of items independent of, and

73

having no necessary connection with each other, as an entire continuous dealing, and in such a case, although if the items be of a similar nature, they may be combined in one action, the party may if he thinks proper bring separate actions on each, the only remedy for which would be an order to consolidate them.

In the King v. the Sheriff of Herefordshire, 1 B. & Ald. 672, separate actions were brought by a common carrier in the county court, for carrying goods at two several times, each of the actions being for £1 4s. A motion was made in the King's Bench for a prohibition, upon the ground that but one suit could be maintained. The rule was refused, Lord Tenterden remarking, that they were distinct debts, and did not come within the rule of law prohibiting the splitting of actions.

This rule of law, that a demand not divisible in its nature, cannot be split up into several causes of action, has been recognized by this court in two cases, Lock v. Miller, 3 Stew. & P. 14, and De Sylva v. Henry, 3 Porter, 132. A consequence of this rule is, that a judgment in a suit for a part of the claim, is a bar to an action for the remainder. This results necessarily from the entirety of the contract; being incapable of division, so as to be the foundation of several suits, a recovery of a part, is an election to take that for, and is therefore equivalent to, a recovery of the whole.

This principle has been asserted in a great many cases. Guernsey v. Carver, 8 Wend. 492, was an action for goods sold and delivered upon an account, consisting of distinct items, delivered on different days, but all due. It was held to be an entire demand, and that a recovery for a part was a bar to an action for the residue. The question again underwent an elaborate examination in the case of Bendernagle v. Cocks, 19 Wend. 207, where most of the adjudged cases are analyzed, and the principle sustained and re-asserted. The same doctrine is asserted in Bunnel v. Pinto, 2 Conn. 431, and in Lane v. Cook, 3 Day, 255. So in Ingraham v. Hale, 11 S. & R. 78, it was held that an entire demand could not be separated, by the assignment of a part to another, so as to authorize more than one suit upon it.

Modifications of the rule may be found in some cases,

which seem to invade this principle; but the rule itself is, we believe, universally recognized, and indeed the only question would seem to be, whether a continuous running account, is an entire thing, or whether each item of which it is composed is a separate debt. That it is an entire thing, is expressly decided in many of the cases referred to, and on principle it would seem difficult to attain any other conclusion.

The facts found by the jury, bring this case fully within the principle. It is an action on a medical account which was due when the suit was commenced before the justice of the peace. Like a merchant's account, it consists of a connected series of dealings between the parties, the aggregate sum at the close of the dealings, or when the account is closed, being the amount due. It can make no difference that the judgment was not rendered by the justice, until after this suit was commenced. Having been commenced before this suit, and being reduced to judgment, no other action can be maintained for the same demand.

Reversed and remanded.