CALVIN COGGINS *v.* HENRY BULWINKLE.

Where a single covenant or agreement is broken in four particulars at the same time, the plaintiff cannot maintain four separate actions thereon, in which each breach is stated as a separate cause of action.

A recovery of judgment and satisfaction in one action, is a bar to any other action for breaches which had occurred when the first action was brought.

THIS was an appeal by the defendant from the marine court. The facts are stated in the opinion.

*D. P. Whedon*, for the appellant.

*A. Nash*, for the respondent.

BY THE COURT. WOODRUFF, J.—The arguments submitted to the court on this appeal, appear to us to apply to totally distinct and different actions.

The argument of the appellant is addressed to the question, whether the former recovery of judgment and satisfaction in one action upon the contract, set forth in the return, is a bar to another action on the same contract for another breach which had occurred before the first suit was brought?

The argument of the respondent is an endeavor to show that an action for enticing away one seaman from the plaintiff's employment, and a recovery therein, is not a bar to an action for enticing away another seaman.

We refer, therefore, to the return of the court below, as the only means of ascertaining what is the real ground of appeal; and by this the action appears to have been brought upon, and to recover damages for the breach of the following agreement:

"*Bark Esther Francis.*—Received, New York, June 6, 1847, of Coggins, agent, ninety six dollars, as advance wages for T. Zender, H. Berner, I. Duffy and Wm. Dixon, who have shipped as seamen of barque Esther Francis, and I hereby become security that they shall render themselves on board of said vessel on or before this day, prepared for sea and fit for duty, and that they shall continue on board and proceed to sea in said vessel, or in default of either of the above stipulations, I promise to refund said advance wages, with damages, in such case made and provided. Signed, H. BULWINKLE."

It appears, by the justice's return, that the four seamen named in the agreement, all left the vessel together, without going to sea, and before any suit was brought.

That thereupon the plaintiff brought suit upon this agreement, alleging, as a breach of the agreement, the default of William Dixon to go to sea according to its provisions, and that he recovered therein $48, for advance wages and damages, which has been paid.

The plaintiff has now brought *three* other suits upon the same agreement, (of which suits this is one,) alleging as a ground of claim in the suits respectively, the *separate default* of one of the other seamen named in the agreement.

The defendant, by his answer, sets up the former recovery upon this agreement in bar, and the justice has found that

such former recovery and satisfaction is proved, but has adjudged it to be no bar to another recovery upon the same agreement, and has, therefore, given judgment for the plaintiff.

In this he has plainly erred. The defendant's agreement is single and entire, and cannot be split up into four several contracts, so as to sustain four different suits for breaches, all of which had occurred at the same time, and subject him to fourfold costs. The case of *Bendnuagle* v. *Cocks*, 19 Wend. 207, is entirely conclusive upon this point; and the full discussion in that case, with the numerous authorities cited, is so entirely applicable to the present case, that any discussion here is wholly unnecessary and superfluous. Various other questions appear to have been raised on the trial, but this view of the plaintiff's rights is conclusive.

The judgment must be reversed, with costs; and judgment ordered for the defendant, and he may have an order for the restitution of the costs paid in the court below.

Judgment reversed, with costs.

Upon an appeal (subsequently submitted) from a judgment rendered in favor of the plaintiff, by the marine court, in another of the actions above referred to, the judgment was reversed, and the following opinion was delivered. The facts appear to have been identical in the two cases.

By THE COURT. DALY, J.—The breach of the agreement entered into by the defendant, consisted in the neglect or refusal of the seamen to render themselves on board the vessel, and proceed to sea according to the stipulation. For this the plaintiff was entitled to bring an action upon it, and recover back the ninety six dollars advanced, together with his damages; and he could maintain but one action, unless, after he had commenced his suit, a new cause of action arose by a further breach. He has brought his action, and recovered judgment in it; and having failed to recover all that he was entitled to, he is now remediless. There is no foundation for the

distinction urged in the respondent's points, but the principle recognized in *Bendnuagle* v. *Cocks*, 19 Wend. 207, is strictly applicable to the agreement or undertaking entered into by the defendant. He had, when he commenced the former suit, an entire demand for the several breaches under the agreement, and he could not bring four distinct actions for it.

Judgment reversed, with costs.