OSTRAM v. McQUEEN.

———— •◆• ————

RICHARD OSTRAM, *Appellee*, vs. ROBERT McQUEEN, *Appellant.*

1. If a creditor of a debtor garnishee before a Justice, bring an action for the same debt pending the garnishee suit, and the trial takes place after judgment against the principal debtor under general issue, the garnishee will not be permitted to defeat a recovery of any surplus over and above the amount necessary to satisfy such judgment.

2. The pendency of the garnishee proceedings at the commencement of the suit can only be available, if at all, by plea in abatement.

3. If a Justice charge a jury erroneously, the error cannot be taken advantage of by appeal.

*Saginaw Circuit Court*, 1869.

The defendant was garnisheed by one Worden, as the plaintiff's debtor prior to the commencement of this suit, and that proceeding was pending when this suit was instituted. The defendant disclosed an indebtedness as garnishee to the amount of $25, and the parties admit that that was the amount of his liabilities, and he suffered judgment as such for $19 18. This suit was afterwards brought to trial and the plaintiffs recovered a verdict for $13 12, the Justice having charged the jury, if they found defendant indebted for a larger sum than the judgment against him as garnishee, they might find for the plaintiff for such excess.

SCHOOL DISTRICT *v*. TOWNSHIP OF ALBEE.

*D. P. Foot* for Plaintiff.

*T. Brousseau* for Defendant.

*By the Court*, SUTHERLAND, J·—The pendency of the proceedings against defendant as garnishee, when this suit was brought, is insisted on as a bar under the general issue. § 4796, *C. L.*

As the plaintiff's right is limited to recover the excess and he is at liberty to recover that at same time, (§ 4797, *C. L.*,) the pendency of the proceedings against the defendant as garnishee is at most only a temporary suspension of the right of action. Is this a good defense to the merits? I think it should have been pleaded in abatement, for it only suspends the right of action, and does not take it away altogether. *Green's Pr.*, §§ 325, 350; *Percival vs. Hickey*, 18 *John.*, 257; 19 *Wend.*, 207; 2 *Mich.*, 178.

The objection ceased to have any force when the judgment was rendered.

If there was error in the charge of the Justice to the jury, it cannot be taken advantage of on appeal.

Judgment for plaintiff.