## KEMPTON *v.* SULLIVAN SAVINGS INSTITUTION.

In this state, in suits on penal statutes, double pleading is allowable.

In a suit to recover usury-penalties, a count which alleges the receiving of illegal interest for the use of a sum of money " for the space of six months," but does not specify for what particular six months the usurious interest was received, is bad.   The entire offence of receiving usurious interest, at different times (previous to the commencement of legal proceedings), upon the same contract, constitutes but one cause of action under section 3, chapter 213, General Statutes ; it cannot be split into separate suits, nor into separate counts of the same suit.

In a suit to recover, under different counts, for receiving usurious interest at different times, a plea, which states that all the interest alleged to have been received was received on the same contract, must be in abatement ; such a defence cannot be set up by a plea in bar.

DEBT, by Nathan C. Kempton against the Sullivan Savings Institution, to recover usury penalties.

The substance of the first count was, that the defendants, on October 20, 1860, loaned to the plaintiff $2,000, and the plaintiff on the same day gave to the defendants a promissory note of that date for that sum, signed by himself, and payable to the defendants or order, on demand, with interest annually, and that the defendants, on October 20, 1870, received of the plaintiff $73 for interest on said $2,000 from April 20, 1870, to October 20, 1870, being $13 in excess of lawful interest thereon, whereby an action has accrued to the person who will sue for the same to recover of the defendants $39, being three times the amount of such excess.

The third count was similar to the first, except that it purported to be founded on another loan of $2,000, made by the defendants to the plaintiff on October 20, 1860, and the usury was alleged to have been received on April 20, 1871, for interest from October 20, 1870, to April 20, 1871.

The substance of the second count was, that the defendants, on October 20, 1871, received from the plaintiff another sum of $13 in excess of the lawful interest at the rate of $6 for the loan of $100 for a year, for interest on another sum of $2,000 " for the space of other six months;" but this count, which concluded in the usual form, contained nothing to indicate when the six months covered by it commenced or ended.

To the first and third counts the defendants pleaded in bar three pleas, in substance as follows: (1) that the sum of $2,000 mentioned in those two counts is one and the same sum of money; that the note mentioned in said two counts is the same note; that the plaintiff mentioned in both of said counts is the same person; and that the two several sums of money alleged in those two counts to have been received as interest were received on one and the same contract and agreement, and not on or by virtue of two separate contracts or agreements; (2) that the several causes of action in the said two counts mentioned did not accrue to the plaintiff, nor did any one of them, at any time, within one year next before the commencement of this suit; (3) *nil debet*, the plaintiff demurred to the first plea, and moved that the second and third pleas " be stricken from the record on the ground of duplicity; or that the defendants be ordered by the court to elect on which of said two last mentioned pleas the defendants will rely as a defence." To the second count the defendants demurred.

By agreement of the parties, the questions arising on the foregoing statement were reserved for the determination of the whole court.

*Burke* and *A. Edes*, for the plaintiff.

*Cushing*, *Colby*, *Allen*, and *W. P. Wheeler*, for the defendants.

By the court—I. The motion to reject the pleas should be denied, even though it be assumed that the pleas would not be receivable under the English statute of 4 Anne, ch. 16. The N. H. statute of January

26, 1790, is cogent evidence of the common law of this state on that subject. By that statute, the defendants, in suits on penal statutes, " may plead the general issue and give any special matter in evidence ; which shall be as effectual to all intents and purposes as though the same had been pleaded specially." It is almost incredible that the legislature should have given a defendants leave to prove, under the general issue, a defence which he could not have set up by a special plea filed at the same time with the general issue. That statute shows the understanding of the legislature that double pleading is allowable in suits on penal statutes. And, even if it had appeared that the point had been differently decided in this state prior to 1790, the enactment of that statute would afford the court good ground for reconsidering the correctness of the prior decision—see *State* v. *Franklin Falls Co.*, 49 N. H. 240, 257. It would be extraordinary to permit a man to successfully defend an action by proving in evidence a defence, and at the same time refuse him the right to spread that same defence upon the record.

II. A majority of the court are of opinion that the second count is defective in not showing for what particular six months of time the usurious interest was taken. The demurrer to the second count is therefore sustained.

III. Counsel may be heard further upon the plaintiff's demurrer to the plea which the defendants have pleaded to the first and third counts. After this decision was announced, the questions arising upon the demurrer to the plea to the first and third counts were argued, elaborately and at length, by *Burke* and *A. Edes* for the plaintiff, and by *Ira Perley* for the defendants. No abstract of their arguments, sufficiently full to do them justice, can be given without occupying more space than can reasonably be devoted to the purpose. The following opinion of a majority of the court upon the principal question discussed was delivered at the June term, 1873, by

LADD, J.   The statute is,—" If any person, upon any contract, receives interest at a higher rate than six per cent., he shall forfeit three times the sum so received in excess of said six per cent. to the person who will sue therefor."   Gen. Stats., ch. 213, sec. 3.

If the question raised by the plaintiff's demurrer is the one which has been so laboriously argued by the learned and eminent counsel on both sides, namely, whether a fair construction of this statute authorizes a separate suit for every separate receiving of usurious interest on the same contract, we think that question must be decided in favor of the defendants.

If we look at the section as it reads, and try to gather the meaning and intent of the legislature by giving to the language employed its common and natural sense, it certainly does not seem to import that a separate suit may be brought to recover the penalty for each separate receiving of extra interest, any more, to say the least, than that the whole must be included in one suit. The right to recover, either in

one suit or in several suits, three times the whole amount so paid, is created by the statute.    But the statute which thus creates the right does not say, in terms, that it may be recovered in as many different suits as there have been different payments; nor does it say, in terms, that only one suit may be maintained to recover it.    The meaning and intent of the legislature in this regard are not made so plain, perhaps, by the language in which it is expressed, as might be desired.    Yet, without going into any nice philological discussion, the whole section, read together, certainly seems to leave the impression rather that the whole amount forfeited by reason of receiving extra interest on the same contract must be recovered in a single suit, than that as many suits may be maintained as there have been distinct payments; that the offence of receiving extra interest on a single contract is a single offence, the punishment of which is determined by the amount so. illegally received, rather than an indefinite number of offences determined by the number of payments.    It is certain that an offence is committed and a penalty incurred when the first illegal payment is received : the magnitude of the offence, so far at least as its punishment is concerned, is not measured by the nature and quality of the act, but by the quantity of money illegally received, without reference to whether it is received at once or at several times.    But, suppose we assume that the bare language, in its etymological and grammatical construction, may as well mean one thing as the other ; suppose the word " sum," as there used, may just as fairly and properly be taken to import, as the plaintiff contends, the amount of money paid at any one time, as what the defendants claim, that is, the whole amount of all the payments made before the suit : the argument from the naked terms of the statute would then stand balanced, and we must go to the subject-matter and look for some principle or rule of interpretation to turn the scale.

When we do this, we seem to be met, at the outset, by more than one well established and familiar canon of construction, which must be regarded as quite decisive.    In the first place, it is well settled that the operation and effect of penal statutes cannot be extended by implication,—that is, things which do not come within the words of the ac shall not be brought within it by construction.    Potter's Dwar. St. 247, and cases cited.    Further, when there is such ambiguity as to leave reasonable doubts of its meaning, courts will not inflict the penalty— *ib.* 245 ; and see, generally, upon the construction of penal statutes, the work above referred to, and cases cited in notes 245–264.

If the court, upon reading this section, are unable to rid themselves of a reasonable doubt whether the language employed is sufficient to give a separate action for each separate receiving of extra interest, it plainly follows that no such construction can be given, because, as was well said by HEATH, J., in *Hubbard* v. *Johnston*, 3 Taunt. 177,—" The legislature is ever at hand to explain its own meaning, and to express more clearly what has been obscurely expressed."

Again : the law does not favor or encourage multiplicity of suits, and

it is not to be presumed that the legislature has authorized an indefinite number of suits, to accomplish a given result, when exactly the same result may be more conveniently reached by one.   Suppose ten payments of usurious interest are received on the same contract within the space of one year: the amount of the whole forfeiture is determined by the amount of the payments: the legal liability incurred by the usurer is simply and only to pay money to the extent of three times the sum of all the usurious payments: what reason can be suggested, what analogy in the law can be found, for holding that this sum of money, which the defendants have thus become liable to pay, in respect of the same subject-matter, may be sued for and recovered, part at a time, in ten different actions ?   If all the suits are commenced by the same plaintiff, the result, to him, so far as regards the amount recovered, is precisely the same as though but one suit were instituted.   The only practical difference seems to be, that the plaintiff pays ten times as much for counsel fees, in order to compel the defendants to pay ten bills of cost instead of one.   If the suits are commenced by different plaintiffs, as they clearly may be, provided separate actions will lie, the result as to costs is the same, or perhaps worse, while the defendants may be compelled to make their defence, if they have one, in each of the ten counties of the state at the same time.

Is it not plain that such an interpretation of the law would make it a convenient and formidable weapon in the hands of any unscrupulous or vindictive person who might choose this means to gratify his private malice ?   It certainly seems so to me, and I think such an intention on the part of the legislature cannot be made out inferentially, or by an interpretation which admits of doubt.   To harass and vex and oppress even an offender against the law, by inflicting upon him a prescribed and definite punishment piecemeal, instead of all at once, would seem to partake more of the spirit and practice of the aboriginal inhabitants of the state, who are said to have made torture a pastime, than of the enlightened application of a humane and just law in regulating the affairs of a cultivated and Christian race.   If it had been the intention of the legislature to create and establish such a right,—a right which leaves the amount of vexation and expense caused the offender in the process of inflicting a punishment, the extent of which is limited by law, so largely to the caprice or passion of those whose interest or wish it may be to persecute and injure him,— it is to be presumed they would have used language quite clear and unmistakable to indicate their extraordinary purpose ; and in the absence of such language we cannot infer such an intent.

The case of *Tappan* v. *Prescott,* 9 N. H. 531, in which it was held that three times the amount of two separate sums received as extra interest on the same loan could not be recovered of the usurer upon separate pleas, is, to my mind, an authority for the conclusion reached above.   I am unable to discover the difference in principle, so far as the point now under consideration is concerned, between recovering a

penalty by pleading it, or by declaring for it. See, also, *Clark* v. *Lisbon*, 19 N. H. 286.

But the question what is to be done with the demurrer still remains. There is no pretence that the plea shows any answer to either of the counts ; it has none of the attributes of a plea in bar, and as such I do not see how it can be sustained. In the view above taken, the declararation seems to be wrong, inasmuch as a single cause of action appears to be split up, part being made the basis of one count and part of another. But, it seems to me, the objection is matter of abatement, a mere matter of form, which the plaintiff would have leave to amend, on motion, as a matter of course. Inasmuch, however, as this point has not been much considered in the argument, the court will hear counsel further upon it, if they desire.

After the foregoing opinion was delivered, *Burke* and *A. Edes* for the plaintiff, and *Perley* and *Cushing* for the defendants, made elaborate arguments upon the question of pleading, which was left undecided. The positions taken, and the authorities cited and commented on by them respectively, so far as they are deemed material to the decision of this question, are considered in the following opinion of the court, which was delivered at the December term, 1873, by

HIBBARD, J. The discussion of the questions of pleading, which have arisen upon the first plea to the first and third counts in this case, has lacked nothing which patient industry and exhaustive learning on the part of the eminent counsel, who have favored us with printed and oral arguments, could impart to it. But it is difficult to tell what useful purpose, whatever our conclusions might be upon the questions involved in the discussion, it could have been expected would be subserved by it. If this plea should be sustained, whether it were in bar or in abatement, it would be a matter of course that the plaintiff would, on reasonable terms, be allowed to amend his declaration by consolidating those counts. If it should not be sustained, it would be equally a matter of course that the defendants would, on reasonable terms, be allowed to withdraw it, and set up such a defence upon the merits as the facts of the case may require. And, if the defendants are liable upon the facts alleged in each count, or upon those alleged in one count and not upon those alleged in the other, or not liable upon those alleged in either, the result will not be affected by the form of declaring the amount of liability, if any, being neither increased nor diminished by declaring in two counts instead of in one.

It was decided at the last term, by a majority of the court, that the first and third counts, being for two distinct payments of usurious interest on the same contract, are bad; but the question was reserved for further consideration, whether the plea, because it is in bar and not in abatement, is not also bad, and therefore insufficient to enable the defendants to take advantage of the defence it states. We have found this question by no means free from difficulty ; but, after an attentive consideration of it, we have reached the following conclusion :

The substance of the defendants' position, as presented by this plea, is, that a good cause of action is stated in either count, provided that the other count had been omitted; and that these two alleged causes of action, which in separate counts defeat each other, would, if combined in one count, constitute one good cause of action.   It is not contended that the declaration contains too little or too much, in any other sense than that one cause of action, entitling the plaintiff to recover $78, has been split into two counts, which are equivalent to two actions, in each of which he claims to be entitled to recover $39, making just $78 in both.

That this plea manifestly " gives the plaintiff a better writ," indicates that it should have been a plea in abatement.   Steph. Pl. 431; Gould's Pl., ch. 5, sec. 67 ; 1 Chit. Pl. 446.   A plea in bar, " impugning the right of action altogether, can of course give no better writ or declaration."  Steph. Pl. 432 ; *ib.* 51.   "A plea in bar, unlike a plea in abatement, offers matter which is a conclusive answer or defence to the action upon the merits."  " In other words, a plea in bar must deny, or confess and avoid, the facts stated in the declaration."   1 Chit. Pl. 525.   But the plea under consideration seeks only to take advantage of a defect in the form of the remedy, leaving the merits of the case wholly undetermined.   It possesses the qualities of a plea in abatement, and not those of a plea in bar.

In *Clark* v. *Lisbon,* 19 N. H. 286, being four actions to recover a penalty of $12 in each, for not erecting and keeping in repair a guide-post at each of four intersections of highways, which the court held should have been brought in one action to recover but one penalty of $12, the writ in each case was quashed on motion, although the court intimated that they were proper cases for pleas in abatement.

It is laid down, in 1 Chit. Pl. 454, that " in a penal action at the suit of a common informer, the priority of a pending suit for the same penalty, in the name of a third person, may be pleaded in bar, because the party who first sues is entitled to the penalty."   Although a plea of another action pending must ordinarily be in abatement, if there has been a recovery this may well be pleaded in bar.   *Rogers* v. *Odell,* 39 N. H. 419.   If a penalty is jointly incurred by several persons, a recovery and satisfaction against one is a good bar to an action against the others—*Boutelle* v. *Nourse,* 4 Mass. 431; and where the plaintiff splits an entire cause of action into two suits, a recovery in the first, though for less than the whole demand, is a bar to the second. 1 Chit. Pl. 199, note (1).   " The plea of a former judgment in an action for a part of such entire demand being valid as a plea in bar to the whole, it follows that a plea of the pendency of such an action is good in abatement for the whole."   *Bendernagle* v. *Cocks,* 19 Wend. 215, cited by the defendants' counsel.   But in this state, where the prior suit is still pending, the question how to take advantage of it does not appear to have arisen.   In *State* v. *Tappan,* 15 N. H. 96, which was an indictment for taking unlawful interest, it is stated by PARKER, C. J., that if there has been an earlier prosecution, " it may be shown in

the defence, and the indictment thereby avoided." The language used would seem to indicate that this might be shown in evidence without being pleaded.    On the other hand, in considering analogous questions, the doctrine that there should be a plea in abatement in such a case has been several times recognized.    *Davis* v. *Dunklee*, 9 N. H. 551; *Bennett* v. *Chase*, 21 N. H. 584; *Morrison* v. *Woolson*, 23 N. H. 30.    It would seem reasonable, if the time for pleading in abatement had expired, to permit the defendants in some way to avoid a liability for two penalties where the statute gives but one.    If, during the pendency of the first action, it constitutes only matter in abatement of the second, justice might be attained by extending the time for pleading in abatement—*Deming* v. *Foster*, 42 N. H. 179—or by continuing the second action to await the result of the first, and then, if the first should go to judgment, permitting that judgment, whether for the plaintiff or for the defendants, to be pleaded in bar of the second.    But, whatever the better opinion may be upon that point, we do not see that it can affect the case before us; and our opinion is, that it is not only quite consistent with the rules of pleading, but will be entirely convenient in practice, to hold that a defence like this can only be taken advantage of by a plea in abatement.    It has been assumed by the defendants' counsel that this objection "is no doubt substantial, and may be taken advantage of as a variance on the trial."    But we find no authorities, among those cited, or elsewhere, in support of this position, and we are of the opinion that the law is otherwise.

In *Hopkins* v. *A. & St. L. Railroad*, 36 N. H. 9, the defendants objected at the trial that a count for injury to the plaintiff, and one for injury to his wife, could not be joined ; but PERLEY, C. J., in delivering the opinion of the court, said that the objection "would properly be taken by demurrer, or motion to arrest the judgment, and not on trial."    In that case, as the alleged defect appeared on the face of the declaration, if the law had then required an action for an injury to the wife to be in the name of both husband and wife, a demurrer or motion in arrest of judgment must have been sustained, the action not being in favor of the right plaintiffs as to the second count.    And it has been held that an objection that the form of action is misconceived, or that different causes of action are misjoined, is not waived by pleading over.    *Morrison* v. *Bedell*, 22 N. H. 236; *Peabody* v. *Kinsley*, 40 N. H. 418.    But we are reminded by the defendants' counsel that, if it had appeared on the face of the declaration that the two payments of interest were made on the same contract, the declaration would have been adjudged bad on demurrer; and it is strenuously urged that the plaintiff is getting an unfair advantage, if, by declaring, contrary to the truth, that the payments were made on different contracts, he may compel the defendants to plead the fact that they were made on the same contract, within the time limited for pleading in abatement, or lose the benefit of the objection; that, by demurring to the plea, the plaintiff admits the fact pleaded, and makes it a part of the record ; that, if the objection is a bar to the action when it appears on

one part, it is also a bar when it appears on any other part of the record.

This argument is not destitute of force; but it must be borne in mind that it is only upon technical grounds that a demurrer could have been sustained, if the declaration had alleged that the payments were made on the same contract. The two counts would then show one good cause of action in favor of the plaintiff against the defendants, declared for in the right form of action, and the objection that the contents of both counts should be merged in one would certainly be formal and not substantial. But it seems that, by the common law, a defect which appears on the face of the declaration should be taken advantage of by the demurrer, while, if it appears on the face of the writ, it should be taken advantage of by a plea in abatement or a motion to quash. Gould's Pl., ch. 5, secs. 63, 64; *Bean* v. *Green*, 4 Cush. 280.

Whatever reason t' ere may have been for this rule in other juris-dictions, there seems o be none in our practice. At the common law the declaration was .o part of the writ, but under our statute it is in-corporated into the writ. This removes the inconsistency, referred to by the defendants' counsel, of adjudging a writ bad on a plea in abate-ment when the v it is good, and it is only the declaration that is bad. If the letter of 'ie rule, that, while objections appearing on the face of the writ should be pleaded in abatement, those appearing on the face of the declaration should be pleaded in bar, is in force here, though the reason for it has disappeared, we see no occasion for extending it to cases that are beyond its letter because they may be within its spirit, as we are asked to do by holding it applicable to objections not appearing on the face of the declaration because they appear on the face of a subsequent part of the record.

That the rules of pleading entitle a defendant, on the state of facts raised by these pleadings, to demur where the objection appears on the face of the declaration, but in many instances require him to take ad-vantage of it by pleading in abatement when it does not so appear, admits of no question. It is laid down in some authorities that all pleas to the declaration should be in bar; but it is well settled that some mistakes in the declaration, and we think this case presents one of the number, should be pleaded in abatement. 3 Bl. Com. 301; Gould's Pl., ch. 2, sec. 34; *ib.*, ch. 5, secs. 64, 83, 84. And it is no more our duty to apply to cases, where the defect does not appear in the declaration, rules that would be applicable if it did so appear, than to apply to cases, where the defect does appear in the declaration, rules that would be applicable if it did not so appear; and we are as much called upon to decide that the objection shall in both cases be taken in abatement because the rule requires it to be so taken in one of them, as that it shall in both cases be taken in bar because the rule requires it to be so taken in the other.

It was insisted in the argument that the fact stated in the plea, being admitted by the demurrer, is thus transported back into the declaration; and so the plaintiff becomes guilty of the first fault, and the defendants

are entitled to judgment. It would be a singular circumstance if a party, entitled to take advantage of a defect in no other way than by pleading it in abatement, should be allowed to get precisely the same advantage by erroneously pleading it in bar. But we need not determine how this might be, because the rule, that upon a demurrer judgment will be rendered against the party who is guilty of the first fault, is applicable only to a fault in substance, a fault in form being cured by pleading over—*Bell* v. *Lamprey*, 52 N. H. 49 ; and we hold, as has been already indicated, that the fault upon which the defendants rely is a fault in form only.

Under our practice of admitting amendments at every stage of a case, it becomes of little consequence in what way an objection to an amendable defect, whether it does or does not appear of record, is taken ; but we are of the opinion that, upon principle as well as upon authority, this plea should have been a plea in abatement.

*Demurrer sustained.*