ALFRED B. COREY *vs.* FREDERICK MILLER.

In an action to recover a balance of an account the account is so far considered a single whole that the plaintiff cannot make its several items the subjects of distinct suits. He may sue for a part of the account, but if he does he cannot afterwards sue for the rest.

A statute allowed the issue of a writ of arrest upon a debt contracted before July 1, 1870. The plaintiff sued out such a writ upon the balance of an account some of whose items bore date subsequent to July 1, 1870.

*Held,* that the arrest was illegal and void.

The writ issued from the Court of Common Pleas, a tribunal of superior jurisdiction.

*Held,* that the presumption of law was in favor of the validity of the process. Hence an allegation that the debt was incurred before July 1, 1870, was not required in the writ.

ASSUMPSIT. On motion to dismiss. The reasons for the motion and the facts involved are stated in the opinion of the court.

The plaintiff declared on the balance of an account whose items bore dates from May 28, 1870, to September 12, 1870, and amounted to $995. Credit was given for a sufficient amount to reduce this sum to $331.72, and interest charged raised the balance to $451.21. The defendant —

1. Moved to dismiss for non-service of the writ.

2. Pleaded the general issue *non assumpsit.*

3. Pleaded the statute of limitations.

4. Pleaded in set-off a counter claim whose items bore dates from September 2, 1869, to April 13, 1871, and amounted to $340.51.

*May* 3, 1879. MATTESON, J. This is an action of *assumpsit* to recover a balance due by book account. A part of the account accrued before, and a part after, July 1, 1870. The action was begun by a writ of arrest in the usual form, duly sealed, tested, and signed by the clerk, dated November 13, 1876, and served on the following day by arrest of the defendant.

Gen. Stat. R. I. cap. 195, § 8, authorizes the issuing of a writ commanding the arrest of any person not exempt by law from arrest in any action for the recovery of a debt, the cause of which accrued previously to the first day of July, 1870.

The defendant moves to dismiss. The first ground of the motion is, that as the law does not authorize the issuing of writs of arrest generally, the writ should contain an averment that the cause of action accrued prior to July 1, 1870, and that as there is no such averment in the present writ, there is nothing on the face

of it to show the right to arrest, and therefore it is insufficient, and the arrest upon it was unauthorized and void. The writ issued from the Court of Common Pleas, which is a court of superior jurisdiction. The presumption is that the writ of such a court has been duly issued, and in a case in which the court has jurisdiction, unless the contrary appears on its face. *Gosset* v. *Howard*, 10 Q. B. 411, 453. See also note to *Crepps* v. *Durden*, 1 Smith's Lead. Cas. *816, *820, and cases cited. The averment was therefore unnecessary.

The second ground of the motion is, that the declaration discloses no cause of action which authorized the arrest of the defendant, because the balance of account in favor of the plaintiff constitutes one entire demand, and as the last items in the account did not accrue till the 12th day of September, 1870, the balance of account sued for is to be considered as a cause of action accruing on that day. An account is so far treated as one entire demand, unless there is something in the course or nature of the dealings of the parties, or in the mode of keeping it, to indicate a contrary intention, that it cannot be severed for the purpose of bringing different suits on its different parts. If it could be so severed, as many different suits might be brought as it contains distinct items. This multiplication of suits, with its attendant expense and hardship to the debtor, it is the purpose of the rule to prevent. But an account is not so far treated as one entire demand that a creditor is compelled to sue for the whole of it against his wishes. He may sue for a part. If he does so, he cannot afterwards sue for the rest. *Guernsey* v. *Carver*, 8 Wend. 492; *Bendernagle* v. *Cocks*, 19 Wend. 207; *Borngesser* v. *Harrison*, 12 Wis. 544.

If the plaintiff had omitted from his suit so much of his account as accrued subsequently to July 1, 1870, the defendant's arrest would have been legal; but inasmuch as he has included in it the entire account, for a part of which the law gave no authority to arrest the defendant, the arrest must be considered illegal and void. *Bowen* v. *True*, 53 N. Y. 640; *McGovern* v. *Payn*, 32 Barb. S. C. 83, 91. The motion is therefore granted, and the suit dismissed.            *Motion granted.*

*Ervin T. Case*, for plaintiff.

*Tillinghast & Ely*, for defendant.