McPHAIL BROS. v. J. H. JOHNSON.

*Action, Splitting—Jurisdiction—Contract.*

Under a contract which stipulated that the defendant was to receive "the entire output" of a mill, and pay the plaintiff a certain price per thousand for all lumber sawed "as it was taken from the saw," the plaintiff made successive deliveries of lumber, the value of each delivery being less than $200, but the aggregate value was greater than that amount: *Held*, that while the plaintiff might have maintained an action before a Justice of the Peace for the value of each delivery as it was made, having postponed his suit until the whole sum became due, he could not split the cause of action and thereby confer jurisdiction on the Justice of the Peace.

CIVIL ACTION, tried at May Term, 1891, of CUMBERLAND Superior Court, before *Armfield, J.*

The facts necessary to an understanding of the opinion are as follows:

This was one of three civil actions commenced and tried at the same time in the court of a Justice of the Peace of Cumberland County, in all of which plaintiffs recovered judgment, and the defendant appealed to the Superior Court.

The actions were founded upon a written contract between the defendant and the firm of H. Wade & Co., the latter firm having assigned their interest to plaintiffs.

Plaintiffs alleged that the whole of said contract had been performed before the bringing of the said three actions, and that there was then due to plaintiffs on said contract, or for work done thereunder, a sum largely in excess of two hundred dollars, but as the contract had been performed by several deliveries of lumber at different times, which several deliveries were respectively under $200, that they had a right to split up their account and bring their several actions for sums respectively less than $200, though aggregating more than $200, in the court of a Justice of the Peace.

The following is a copy of the part of the contract material here:

" 4. The said James H. Johnson is to receive the entire output of said mill, and pay the said H. Wade & Co. the sum of two dollars and fifty cents per thousand feet for any and all lumber so sawed, as it is taken from the saw, and sawed according to bills furnished, in a workmanlike manner."

His Honor intimated that, as the whole amount claimed by plaintiffs was due when these three actions were commenced, that the plaintiffs could not split up their cause of action as they had attempted to do, so as to give jurisdiction to the Justice.

In deference to this opinion of his Honor, plaintiffs took a nonsuit, and appealed to the Supreme Court.

*Mr. T. H. Sutton,* for plaintiffs.
*Mr. G. M. Rose,* for defendant.

MERRIMON, C. J.: The alleged indebtedness of the defendant to the plaintiffs accrued from time to time, and at divers times, under and by virtue of a single contract, whereby H. Wade & Co. agree to supply the defendant with "the entire output" of a lumber mill, and they completely performed their part of such contract. The sum of money demanded by the plaintiffs was much more than two hundred dollars, and to facilitate the collection of their debt they subdivided their claim, so as to bring each part of it within the jurisdiction of a Justice of the Peace. They contend that they had the right to do so, because they supplied the lumber from the mill at divers times and on various accounts. This contention is not well founded. The indebtedness having accrued, was single—a whole—one debt, arising out of a single contract that possessed a single purpose—the supply of lumber. This case clearly comes within what is said and decided in *Jarrett* v. *Self*, 90 N. C , 478 ; *Moore* v. *Nowell*, 94 N. C., 265 ; *Kearns* v. *Heitman*, 104 N. C., 332.

If, however, the delivery under the contract was made by distinct installments, an action would lie for the amount due for the same at once. But when more than one such installment has been delivered, but one action lies for the whole amount due on account of the same.

Affirmed.