J. K. SIMPSON v. KATHERINE ELWOOD et al. (two cases).

*Suit on Accounts—Splitting up Accounts—Jurisdiction.*

One who has an account against another consisting of several distinct items based on separate transactions may bring an action upon each distinct and separate item, provided that if he should bring more actions than are necessary to avail himself of the jurisdiction of a Justice of the Peace the Court may, to prevent oppression and unnecessary costs, require a consolidation of the actions; but if, before action brought, the plaintiff renders a statement covering all the items contracted at different dates, to which no objection is made by the debtor within a reasonable time, the account becomes an account stated and cannot be then split up.

This was an ACTION on account, commenced before a Justice of the Peace and brought by appeal to the Superior Court of RUTHERFORD County and tried before *Armfield, J.*, at Special Term, 1894.

It appeared that plaintiff, who was a retail merchant, claimed to have sold to defendants on different dates a number of small items of goods, none of which items amounted to more than $25. This was a running account extending over two or three years, and had never been liquidated nor any part of it paid. That the aggre-

gate amount of the items was $295.10 and interest. The plaintiff brought two suits before a Justice of the Peace to recover the said sum.

One suit embraced a number of the said items, aggregating $149.77 and interest. The other suit embraced the remainder of the items, and was for $145.43 and interest.

The Court held that the plaintiff could not "split up" his account and give a Justice of the Peace jurisdiction, and dismissed the said suits for want of jurisdiction. From the judgment so dismissing the action the plaintiff appealed.

*Messrs. Justice & Justice,* for plaintiff (appellant).
*Messrs. McBrayer & Durham,* for defendants.

MACRAE, J.: The plaintiff had a right to bring his action upon each distinct item or transaction. If, however, he should bring more actions than were necessary to avail himself of the jurisdiction of a Justice of the Peace the Court would, to prevent oppression and the unnecessary burden of costs, require him to consolidate his actions. The leading case upon this subject is *Caldwell* v. *Beatty,* 69 N. C., 365.

If, however, the plaintiff had rendered his account to defendants, covering a statement of all the items contracted at different dates, and no objection had been made thereto by defendants within a reasonable time, it would have then become an account stated, and he could not thereafter have separated the items so as to sue on them before a Justice of the Peace. *Marks* v. *Ballance,* 113 N. C., 28.

Where a *single* contract is made for furnishing articles at fixed prices the plaintiff will not be permitted to "split up" his account. *McPhail* v. *Johnson,* 109 N. C., 571. There is a suggestion in the brief of defendants' counsel that the

34

case on appeal and the record will show a single contract by one of the defendants for the payment of the whole account, by means of which it is contended that this case is brought under the principle last laid down, but we find nothing in the "case" or in the record to warrant this contention.                                               Reversed.