(Hamilton Co., Court of Common Pleas.)
January, 1897.

EDWARD WREN v. ALICE WINTER.

Separate items of account, evidences of different transactions at different times may, unless treated differently by the parties, be made the subject of several suits, as if separate causes of action, and a suit pending on some of such items of account is not a bar to recovery on the other items or accounts, the penalty, if any, therefor being limited by section 6527, R. S., to an inhibition against recovery of costs.

Heard on demurrer.

BUCHWALTER, J.

The plaintiff began three actions before the justice's court, each of which was appealed to this court.

The petition in No. 107,202 is founded on various items of an account beginning July 16, 1891, and ending December 18, 1892, (in amount $876, with credits June, 1892, January June and August, 1893, by cash and a part of the same goods returned, $662.39,) leaving a balance of $213.61.

The petition in No. 107,200 is founded on a similar account, for goods sold in December, 1893, February and March, 1894, for $261.94 with credits for some of the same goods returned in December, 1893, of $22.86, leaving a balance of $239.08.

The petition in No. 107,204, is founded on a like account for merchandise, sold in March, April and May, 1894, for $235.73.

To the petition in No. 107,200 the defendant files a general denial.

But to the petition in No. 107,202 the defendant avers that the account therein and the account set up in cause No. 107,200 are one entire continuing account or one cause of action, and that by reason of the suit on the part set out in 107,200 (and the judgment before the justice as appealed by the defendant,) the plaintiff has remitted the remainder claimed on said entire account.

To the petition in No. 107,20 the defendant avers likewise as to the items sued on therein being part of an entire and continuous account, composed of said items and also of the items set out in causes Nos. 107,200 and 107,202, and by the pending proceedings in each of said causes the plaintiff remitted the balance due on said account.

The plaintiff demurs to the pleas in bar in the two cases.

That one judgment on one entire, indivisible, distinct cause of action is a bar to another action founded on any part of the same, is clear beyond controversy, but the contention arises in these cases as in many others whether all the items in the three accounts severally sued upon are parts of one entire, indivisible, distinct cause of action. Some courts have held that where the items are entered successively in a book as running accounts usually are, and no agreement to the contrary, that the reasonable inference is that the parties treat all the items as involved in one contract, and hence become one entire cause of action. As Guernsey v. Carver, 8 Wend., 492. Others, that separate items of account evidence different transactions, and are separate causes of action unless they be thereafter treated differently by the parties. Badger v. Titcomb, 15 Pick. (Mass.), 409. Or, if an account of all the items be rendered to the debtor, and he agrees that the whole is correct, or to pay, or acquiesces by silence and delay to dispute it, then the same may be treated as a stated account and as one cause of action. As Simpson v. Elwood, 114 N. C., 528.

The question here at issue whether several suits may be brought upon such an account, has been variously determined in the several states, but the majority of respected authority is with the claim of the defendant. Chief among them as strictly in point are Guernsey v. Carver, 8 Wend., 492; Borngesser v. Harrison, 12 Wis., 606; Melroy v. Mining Co., 43 Mich., 231; McErnmer v. Carey, 30 Minn., 458; Buck v. Wilson, 113 Pa. St., 423; Oliver v. Holt, 11 Ala., 574.

To the contrary: Badger v. Titcomb, 15 Pick., 409; Inhabitants of Cummington v. Inhabitants of Wareham, 8 Cush., 590.

In the former case the principle of Guernsey v. Carver is discussed and denied. And in Secor v. Sturges, 16 N. Y., 548, it is reviewed and questioned, although in that case the running account was distinguished, from the fact that while the two accounts severally sued upon were between the same parties, yet they were for separate transactions in several departments of the plaintiff's business.

And in McIntosh v. Lown, 4 Barb., 557, the reasons given for the rule of judgment in Guernsey v. Carver, and like cases, is criticized by Wells, J., in that the true question is not whether separate actions on the different items would lead to multiplicity of suits or be oppressive, but whether the former action was for the identical cause or demand as that for which the subsequent one is brought.

We do not seem to have any reported adjudication of the question in Ohio, although it may be fairly claimed that the principle on which our rule of judgment is founded in the operation of the statute of limitations as to a running account, viz: "A right of action accrues on each item of an account at the time of its proper date, and therefore the statute of limitations begins to run against it." Courson's Executors, v. Courson, 19 Ohio St., 454, is the same as in Badger v. Titcomb.

The temptation of plaintiff in the cases at bar seems to have been in the statutory right of attachment before a justice, (which does not exist in the courts of record,) on the ground of non-residence in the county. The suits were all brought the same day before the same justice, and there does not

appear any fact to indicate malice or oppression unless it be found. in bringing several actions in attachment instead of one suit before a court of record. But the statute sanctions what may seem to be unreasonable advantage to plaintiff keeping within the justice's jurisdiction.

The several accounts on which each action is founded do not on their face as pleaded show any connection with each other, and do not bear evidence that they compose the same entire cause of action; they are of different dates, and it would seem that the parties in dealing as to one set of items did not connect them with other items of other dates; nor does it appear that they were ever all consolidated into one account, stated or otherwise.

True the defendant says they all constituted one entire running account, but such averment is a mere conclusion.

It is competent for statutory law to modify the common law rule of Guernsey v. Carver. And has not that been done by section 6527, R. S. * * * "and if either party omit to set up in his bill of particulars any item which lawfully could be made part of the cause of action, set off or counterclaim, the party making such omission shall not recover costs of the adverse party in any subsequent action thereon." * * * ?

The penalty for the omission to consolidate all the items in one cause of action; to-wit, of barring the right of recovery, in the sum of $449.37, otherwise due and unpaid, is too severe for the offense of multiplicity of suit to be the administration of justice, and it is fair to presume that the legislature intended to fix a penalty nearer in accord with good conscience, to-wit, that of payment of all costs.

Another reason for holding the pleas in bar not good is that no judgment in force is pleaded on the account set up in cause No. 107,200. It was vacated by the appeal, and I do not think the plea of a pending suit comes within the rule of Guernsey v. Carver. To have availed of this plea defendant ought not to have appealed in cause 107 200. In taking this view I have not overlooked Bendernagle v. Cocks, 19 Wend., 207; and Oliver v. Holt, 11 Ala., 574; but until final trial and judgment the plaintiff has a right to elect to dismiss all his actions without prejudice to another action with all the items and causes consolidated into one.

The demurrers to the answers will be sustained.

H. R. Probasco and Pringle & Johnson, for plaintiff.

Joseph W. O'Hara, H. P. Lloyd and Hagans & Hagans, for defendant.

(January 9, 1897.)