SIMEON E. WALTON *vs.* ESTES S. RUGGLES.

Hampden. September 25, 1901. — October 18, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Contract. Damages. Mortgage,* Agreement to assume and pay.

In an action for a breach of an agreement made by the acceptance of a deed, to assume and pay off a mortgage on land, it appeared, that the mortgagee had foreclosed and that the proceeds of the foreclosure sale were $700, leaving after

its application to the mortgage debt a balance of $800 due on the mortgage note signed by the plaintiff, which was payable in instalments of $50 every six months. One instalment was overdue and had not been paid by the plaintiff. *Held,* that the plaintiff's right to recover for the first instalment was not affected by his not having paid it, and that he also was entitled to recover the full amount of the note remaining unpaid, as the result of the defendant's failure to pay off the mortgage was to leave the plaintiff under an unsecured liability upon the mortgage note. The fact that the plaintiff's outstanding obligation might not have to be discharged until a future day, could at most entitle the defendant only to a discount for prepayment if not offset by his escaping interest, a matter not open in this case and not considered.

CONTRACT to recover for breach of an agreement to pay the balance due on a certain mortgage note and certain taxes, which the defendant, by the acceptance of a certain deed, had assumed and agreed to pay. Writ dated February 3, 1900.

At the trial in the Superior Court, before *Bishop,* J., without a jury, it appeared, that the mortgage note was dated at Springfield, Massachusetts, August 17, 1896, and was for $1,700, payable to Sarah A. Grout or order, in instalments of $50 each in every six months with interest semiannually at the rate of five per cent per annum. Payments were indorsed thereon amounting to $250 of principal and $200 of interest, the last payment being March 6, 1898. The other material facts are stated in the opinion of the court.

At the close of the evidence, the judge refused the defendant's requests for rulings, which are stated by the court, and found for the plaintiff in the sum of $936.01; and the defendant alleged exceptions.

*G. D. Storrs,* for the defendant, submitted the case on a brief.
*H. P. Small,* for the plaintiff.

HOLMES, C. J. This is an action on the contract of a grantee of land subject to a mortgage to pay the mortgage and also the taxes for 1898. The plaintiff had to pay the taxes. The defendant also made default in the payment of an instalment of $50 under the mortgage, and a week after the date of the writ the mortgaged premises were sold under the usual power. The sale realized only $700, out of $1,525 due under the mortgage. The mortgagee has demanded the residue of the plaintiff. The defendant admits the contract but is here on exceptions to the refusal of the judge to rule that the plaintiff could not recover, or could recover at most only " the amount due on the note at

the time suit was brought, with interest then due and amount paid for taxes."

There is no ground on which the plaintiff can be restricted to nominal damages, if that question is open. The defendant is answerable at least for the taxes paid by the plaintiff. Then as to the instalment under the mortgage which was not paid when due, the plaintiff's right to recover to that extent is not affected by his not having paid it. *Furnas* v. *Durgin*, 119 Mass. 500, 507. *Locke* v. *Homer*, 131 Mass. 93. *Rice* v. *Sanders*, 152 Mass. 108, 111. There is a suggestion in *Draper* v. *Mann*, 117 Mass. 439, 441, 442, that when, as here, by the terms of the mortgage the proceeds of the sale become applicable to the whole debt, the mortgagee as against the mortgagor may apply the proceeds to the instalments first due. But there would be no justice in allowing the present defendant to assume such an application by a fiction in order to escape from his contract. However, this becomes unimportant in view of the more general principle which we think should be applied.

We are of opinion that the plaintiff is entitled to recover to the full extent of the debt remaining unpaid. If the note had been overdue when suit was brought, there would be no doubt that he was entitled to do so. *Locke* v. *Homer*, 131 Mass. 93. *Reed* v. *Paul*, 131 Mass. 129, 132. *Williams* v. *Fowle*, 132 Mass. 385, 388. The defendant's contract was entire and was broken before the date of the writ. All the damages that the plaintiff ever is to recover he must recover now. *Weston* v. *Barnicoat*, 175 Mass. 454, 456. *Cutter* v. *Gillette*, 163 Mass. 95, 97. There is no chance that the defendant may have to pay twice over, as he is liable to no one else. There is no danger of his land being taken for the amount paid to the plaintiff, which might require equitable protection, *Locke* v. *Homer*, 131 Mass. 93, 108, 109, because his land is gone and he is required to pay only the residue which was not satisfied by the sale. As a result of the defendant's conduct the plaintiff is under an unsecured liability upon the mortgage note. It is settled, as we have said, that the damages do not depend upon payment by the plaintiff and that they would be equal to the outstanding liability if that were due now. The fact that the plaintiff's absolute obligation may not require to be discharged until a future day at most could entitle

the defendant only to a discount for prepayment if not offset by his escaping interest. In this case that question is trifling and not open. See *Robinson* v. *Robinson*, 24 L. T. Rep. 112.

*Exceptions overruled.*