# OVERLAND WASHINGTON MOTOR COMPANY *v.* ALEXANDER.

JUDGMENTS; AFFIDAVITS OF DEFENSE; PRACTICE; STARE DECISIS.

1. The entry on motion of the plaintiff of a judgment by the court below for a part of the plaintiff's claim, admitted to be due by the defendant in his affidavit of defense, ends the controversy between the parties, and precludes the plaintiff from prosecuting his suit for the balance of his claim.

2. At common law but one final judgment could be rendered in a single cause of action between the same parties, and this rule is still followed in the absence of any rule or statute to the contrary.

3. In matters of practice this court is not disposed to question under any circumstances a decision of its predecessor, the general term of the supreme court of the District of Columbia. (Following *Hutchins* v. *Maneely*, 11 App. D. C. 88.)

No. 2754. Submitted February 1, 1915. Decided March 1, 1915.

HEARING on an appeal (specially allowed) by the defendant from an order of the Supreme Court of the District of Columbia,

denying a motion to discontinue an action at law as to the amount claimed in excess of a judgment theretofore rendered for the plaintiff.                                                    *Reversed.*

The COURT in the opinion stated the facts as follows:

Appellee, James E. Alexander, sued appellant corporation, the Overland Washington Motor Company, in the supreme court of the District of Columbia for the sum of $550 and for cause of action alleged that he purchased an automobile from defendant for the sum of $1,800; that thereafter the automobile was damaged by fire, and that defendant agreed with plaintiff to reconstruct the automobile for the sum of $500. The automobile was reconstructed and sold by defendant for the sum of $900. Plaintiff also alleged that he thereafter paid defendant the sum of $150, which, with the $400 realized from the sale of the automobile over and above the price agreed to be paid for its reconstruction, constituted the claim involved in this action. Plaintiff filed an affidavit of merit in support of his declaration.

Defendant, by pleas and affidavit of defense, denied that it engaged to reconstruct the car for $500, or at any other fixed amount, or that it had ever received from plaintiff the sum of $150, but [averred] that the cost of reconstructing the car amounted to $725.57, leaving a balance due plaintiff from the sale thereof of $174.43, for which it acknowledged itself indebted to plaintiff, which amount it had tendered to plaintiff and which it stood ready to pay.

Under the seventy-third rule of the Rules of the Supreme Court of the District, plaintiff moved the court for judgment for the sum of $174.43, which motion was sustained, and judgment accordingly entered. The judgment was promptly satisfied by payment. Plaintiff, as to the balance claimed, joined issue upon the defendant's pleas, whereupon defendant moved a discontinuance of plaintiff's cause of action as to the amount in excess of the judgment rendered upon the motion of plaintiff. From the denial of this motion, a special appeal was granted to this court.

*Mr. Fred S. Swindell* for the appellant.

*Mr. Henry I. Quinn* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It is urged that plaintiff, by taking judgment for the portion admitted to be due, estopped himself from prosecuting his suit for the balance. Plaintiff, in a single cause of action, sued defendant for a given amount. As to this amount, defendant denied liability, but acknowledged itself liable for a given amount. When plaintiff moved for judgment under the seventy-third rule for the amount conceded by defendant to be due, it was equivalent to demurring to the defense, and a judgment thereon in plaintiff's favor was a final judgment as to all matters in issue, or that could properly have been raised in the suit. Plaintiff had the option of one of two remedies,—either to move for judgment on the pleadings and affidavits, and accept the judgment rendered; or to go to trial and secure, if possible, a judgment for the full amount sued upon. He elected to take the former course, and thereby estopped himself from pursuing the latter.

At common law but one final judgment could be rendered in a single cause of action between the same parties. This is the rule generally followed in this country in the absence of any rule or statute to the contrary. The principle is well settled in this jurisdiction. In *Kennedy* v. *Pool,* 5 Wash. L. Rep. 129, the supreme court of the District, in general term, in a case involving the exact question here presented, said: "Where but one cause of action is sued upon, as in this case, if he (the plaintiff) elect to take judgment for the amount admitted to be due, that must end the controversy." This rule of practice has not been modified. This court held early in its history that, in matters of practice, it "should not be disposed to question under any circumstances" a decision of the general term. *Hutchins* v. *Maneely,* 11 App. D. C. 88, 90.

The order denying defendant's motion for discontinuance

is reversed with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*