### MACHEN v. YOST.

(Court of Appeals of District of Columbia. Submitted December 6, 1923. Decided March 3, 1924.)

#### No. 3969.

**1. Vendor and purchaser ⬤⟳198—Vendor liable for special assessment for work completed subsequent to contract, but prior to date of transfer.**

Where, prior to the date of a realty sale contract requiring vendor to pay taxes and assessments, whether levied or not, for special improvements already made, vendor had joined in the petition for a special assessment, and the work was completed after that date, but prior to the date of transfer, *held*, that vendor was liable to purchaser for the amount of the assessment.

**2. Contracts ⬤⟳143—No room for speculation as to intent, unless contract ambiguous.**

It is only when the contract is ambiguous that room is left for speculation as to the real intent of the parties.

Error to the Supreme Court of the District of Columbia.

Suit by William E. Yost against Mary Gresham Machen. Judgment for plaintiff, and defendant brings error. Affirmed.

George H. Lamar and L. Q. C. Lamar, both of Washington, D. C., for plaintiff in error.

W. J. Dow, of Washington, D. C., for defendant in error.

Before ROBB and VAN ORSDEL, Associate Justices, and BARBER, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. On October 20, 1920, defendant in error entered into a contract in writing with the plaintiff in error for the purchase of certain lots of land in the District of Columbia, with improvements thereon. The contract in part provided as follows:

"Title to be a good record title or deposit refunded. Taxes, interest, rents, and insurance to be adjusted by calculation to date of transfer. Taxes and assessments, whether levied or not, for special improvements already made, to be paid by vendor. Examination of title, conveyancing, recording, and notary fees at the cost of the purchaser."

Prior to the date of this contract, plaintiff in error had joined in a petition to the commissioners of the District of Columbia for a special improvement; that is to say, for the construction of a sewer, for the benefit of this property, among others. On October 7th the commissioners acted favorably upon the petition, and work on the sewer was commenced February 10, 1921, and completed February 21, following. Subsequently, or on March 21, 1921, the cost of this special improvement was placed upon the assessment roll of the District of Columbia and became an actual lien on the property conveyed by plaintiff in error. Plaintiff in error refusing to pay this assessment, it was paid by defendant in error, and suit instituted for its recovery, resulting in a judgment for the defendant in error.

[1, 2] From the foregoing statement it is apparent that the question for determination here is as to the meaning of the contract in suit.

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In such determination we must consider the contract as a whole. The first-quoted sentence relates to the time of the completion of the contract, namely, the execution of the deed. The second sentence reads:

"Taxes, interest, rents, and insurance to be adjusted by calculation to date of transfer."

Here again the parties were considering the date of transfer and not the date of the agreement. The third sentence, and the one here involved, required the vendor to pay taxes and assessments (whether levied or not) for special improvements already made. This special assessment had been ordered prior to the agreement of sale, and the work completed prior to the date of transfer. Although the actual levy of the assessment followed the latter date, we are clearly of the view that, under the terms of the agreement, the vendor was liable for the payment of such assessment. It was an outstanding obligation at the date of transfer, for a special improvement already made, and under the express terms of the contract the mere fact that it had not been levied did not relieve the vendor of the obligation to pay it. The contract is in plain and unambiguous terms, all of which are given force and effect by this interpretation, and it is only when a contract is ambiguous that room is left for speculation as to the real intent of the parties.

It results that the judgment is affirmed, with costs.

Affirmed.