JESSIE ROSENSTEIN *v.* CARROLL HYNSON ET AL.

[No. 7, October Term, 1929.]

*Decided October 30th, 1929.*

The cause was argued before BOND, C. J., PATTISON, URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Edwin T. Dickerson,* with whom was *Robert E. Kindred* on the brief, for the appellant.

*George B. Woelfel,* for the appellees.

URNER, J., delivered the opinion of the Court.

This action of replevin was tried in the lower court upon an agreed statement to the following effect: On October 5th, 1922, the plaintiff delivered to the defendants a player piano and accessories under a conditional contract of sale which reserved title in the plaintiff until full payment of the purchase price of $495, which was stipulated to be paid in instalments of $10 at the time of delivery and $3 weekly for the ensuing period of one hundred and sixty-two weeks. In August, 1927, the defendants having paid $294.49, and all of the remaining instalments, aggregating $200.51, being then due, the plaintiff brought suit before a justice of the peace for $87.43 of the amount then owing under the con-

628

tract, and recovered a judgment for the sum thus sued for, which the defendants paid. Because of their failure to pay the instalments, amounting to $113.80, omitted from the claim on which the judgment was obtained, the plaintiff has sought to regain possession of the piano and equipment by the pending suit in replevin. The sole question to be determined is whether the recovery and collection of the judgment for part of the unpaid instalments of the purchase price, when all were due and payable, is a legal bar to the effort of the plaintiff to repossess the property under the terms of the contract of sale. An affirmative answer to that question was given by the trial court in the form of an instruction granted at the request of the defendants. From the judgment entered on a verdict in their favor, the plaintiff has appealed.

In suing for a part only of the instalments in arrears, when he was entitled to sue for all, the plaintiff disregarded the sound and settled rule that a fully accrued cause of action for the breach of a single contract must not be subdivided for the purposes of separate suits against the same party. The object of the rule is to protect a defendant from the vexations and burdens incident to a duplication or multiplication of actions to enforce a liability for which one suit would be sufficient. The consequence of a violation of the rule is that a judgment recovered for part of the accrued indebtedness sued for separately may be pleaded to a suit for the residue of the claim, which is treated as being merged in the recovery procured in the first litigation. *Olmstead v. Bach,* 78 Md. 132; *Hippodrome Co. v. Lewis,* 130 Md. 158; *Keedy v. Long,* 71 Md. 385; *Kennedy v. New York,* 196 N. Y. 19, 25 L. R. A. (N. S.) 847; *Burritt v. Belfy,* 47 Conn. 323; *Nickerson v. Rockwell,* 90 Ill. 460; *Williams-Abbott Electric Co. v. Model Electric Co.,* 134 Iowa, 665, 13 L. R. A. (N. S.) 529; *Union R. R. & Transp. Co. v. Traube,* 59 Mo. 355; *Buck v. Wilson,* 113 Pa. 423; *McPhail v. Johnson,* 109 N. C. 571; *Stroud v. Conine,* 114 Ark. 304; 1 R. C. L. 352; 1 C. J. 1106-7, 1112.

It is clear, therefore, that when the plaintiff sued in replevin to recover possession of the chattels delivered to the

defendants under the conditional sale agreement, there was no part of the purchase price for which a suit was then maintainable. While there were some instalments which had not been paid, the right to recover them was extinguished as the definite legal consequence of the plaintiff's election to ignore them in the suit by which he enforced payment of a portion of the entire balance then demandable. If the plaintiff should succeed in this action of replevin in exercising the conditional right of repossession reserved in the contract of sale, he would accomplish that object in spite of the fact that there was no coexisting right to recover any of the stipulated price, the greater portion of the debt, including the judgment, having been satisfied by payment, and the remainder discharged by operation of law. In our opinion such a result would not be logically or legally permissible.

The plaintiff relies upon a clause in the contract providing that "the extension of the time" for the payment of the instalments, or "the acceptance of smaller amounts," or "their payment at different times," should not be construed as a waiver of any right of the plaintiff with respect to "any default in any of the original terms" of the agreement, and that his "failure to exercise any right or privilege" under it should "not operate as a waiver." It was not a right or privilege of the plaintiff, express or implied, under the contract, to sue for and recover part only of the wholly matured instalments, and nevertheless be free to utilize the processes of the law for a further recovery in opposition to the well recognized rule to which we have referred.

There was no error in the rulings to which the single exception in the record was reserved.

*Judgment affirmed, with costs.*