18

## BAKER v. SMITH & GOTTLIEB, Inc.
### No. 8059.

United States Court of Appeals for the District of Columbia.

Argued Nov. 6, 1942.

Decided Nov. 30, 1942.

Mr. John F. Lillard, of Hyattsville, Md., with whom Mr. N. Meyer Baker, of Washington, D. C., was on the brief, for appellant.

Messrs. Samuel F. Beach and James Gill, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

PER CURIAM.

Appellant in July, 1939, entered into a written contract to purchase from appellee a certain piece of improved real property located in Takoma Park, Maryland, within the metropolitan area of the District of Columbia. The contract was written on what is described as a District of Columbia form, the last paragraph of which was as follows:

"The property is sold free of encumbrance except as aforesaid; * * *

"Rents, taxes, water rent, insurance and interest on existing encumbrances, if any, and operating charges are to be adjusted to the date of the transfer. Taxes, general and special, are to be adjusted according to the certificate of taxes issued by the Collector of Taxes of the District of Columbia, except that assessments for improvements completed prior to the date hereof, whether assessment therefor has been levied or not, shall be paid by the seller or allowance made therefor at the time of transfer."

After payment of the purchase money and delivery of the deed appellant received notice that the Washington Suburban Sanitary Commission had levied an annual front foot benefit charge of $15.68 for a period of fifty years, dischargeable at once upon the payment of $367.78. The levy was for the cost of sewer and water improvements completed prior to the date of the contract, which had been authorized by appellee and of which appellant had no notice until after delivery of the property to him.

Appellant, claiming that the levy for the improvements was a lien upon the property, brought this action to recover on the ground that appellee had breached the contract by failure to deliver the property free of encumbrances. The trial court held for the defendant on the theory that plaintiff had not maintained the burden of proof.

We are of opinion that the lower court was in error. The Maryland statute [1] makes the cost of construction of water mains and sewers such as we are con cerned with here subject to a per front foot benefit charge and makes this charge a lien upon the property enforceable under the provisions of the law. The contract, as we have seen, required the seller to pay any assessments, whether levied or not, for special improvements already made, and admittedly the seller has not discharged this

---

[1] 1927 Laws of Maryland, Chap. 506, § 8.

obligation. There can be no question that the lien created by the installation of the water and sewer improvements is an encumbrance upon the property. There was, therefore, a failure on the part of the seller to carry out his obligation to pay for these improvements and likewise to carry out his obligation to deliver the property free of encumbrances. Substantially the same question was decided by us in Machen v. Yost, 54 App.D.C. 261, 296 F. 1008, and we regard what was said there as conclusive in the present case.

The facts that the contract was made in the District of Columbia and that it was made on a District of Columbia form do not affect the situation. Were it to be held that the clause in issue here was inoperative because the printed words made it applicable only to property in the District of Columbia, it would follow that the entire contract was inoperative, for similar printed words elsewhere in the contract describe the property as being in the District of Columbia. Obviously, these printed phrases were inadvertently included, and being inconsistent with the purpose and intent of the whole agreement, cannot control. Cf. McReynolds v. Mortgage & Acceptance Corp., 56 App.D.C. 342, 13 F.2d 313. The parties were dealing with relation to specific property and mutually understood the covenants then agreed to to be applicable to that property.

Reversed.