**SMITH & GOTTLIEB, Inc., v. CHEATHAM.**
**No. 6.**

Municipal Court of Appeals for the District of Columbia.

Dec. 21, 1942.

Samuel F. Beach, of Washington, D. C. (James W. Gill, of Washington, D. C., on the brief), for appellant.

N. Meyer Baker, of Washington, D. C., (John F. Lillard, of Hyattsville, Md., on the brief), for appellee.

Before RICHARDSON, Chief Judge, HOOD, Associate Judge, and McMAHON, Judge of Municipal Court for District of Columbia.

RICHARDSON, Chief Judge.

On June 28, 1939 appellee purchased from appellant certain premises in Takoma Park, Maryland. A written contract of sale of that date provided in part: "that assessments for improvements completed prior to the date hereof, whether assessment thereon has been levied or not, shall be paid by the seller or allowance made therefore at the time of transfer."

It is conceded that prior thereto improvements consisting of water main and sewer,

---

had been completed by the Washington Suburban Sanitary Commission. Under Maryland law the cost of this improvement is imposed upon the property as a benefit charge and constitutes a lien thereon. Baker v. Smith & Gottlieb, Inc., App.D.C., 132 F.2d 18 decided November 30, 1942. It could have been discharged in the present instance (at the time of the transfer) by a payment of $421.44; otherwise it must be paid in annual installments of $17.68 over a period of fifty years, the increase in amount representing interest cumulated and prorated.

When the transaction of sale was closed and the property transferred to the purchaser the seller did not pay or make allowance for this assessment. Thereafter he disclaimed liability. Appellee then instituted an action, No. 397,249, in the Municipal Court for the District of Columbia, claiming the sum of $421.44 for breach of the contract.

That action was tried by the court without a jury. It resulted in a general finding and judgment for the plaintiff on September 19, 1941 for the sum of $17.36.

Appellee filed a motion for new trial, alleging that the finding was contrary to the evidence, contrary to law, and that improper evidence had been admitted. The motion was denied.

On April 30, 1942 appellee, as plaintiff, filed a second suit against appellant in the Small Claims Branch of the Municipal Court for the District of Columbia for the sum of $35.72 "for annual sewer and water assessment for the years 1941 and 1942 which the defendant assumed to pay on the property" (describing said premises).

Upon the hearing of this case the payment by appellee of two installments of the assessment amounting to $17.36 each was admitted. Each party relied upon the stenographic record and the judgment in Case No. 397,249. No additional evidence was offered. Appellee's position was, and now is, that in the prior suit there had been an adjudication of his right to be reimbursed subsequent annual payments of the assessment. Appellant by his plea to the complaint claimed that the judgment in the former suit constituted an estoppel against a second action for breach of the contract, and on this defense he now relies. Appellant's plea was denied by the trial court and judgment was entered for the amount claimed. From this judgment we allowed an appeal.

In the reporter's transcript, it appears that defendant in the first action denied liability for any part of the charge for improvements upon various grounds. Also that he claimed that appellee had not been damaged beyond the $17.36 paid by him, as he might "move away tomorrow" or sell the property and not pay the $404.00 then due to redeem the amount (R. 42, 43).

The judgment record in Case No. 397,249 does not show the basis for the allowance of the sum of $17.36. The trial judge in the first action advised the judge presiding at the trial of the present case "that the finding in that case was limited to $17.36, only for the reason that the accrued assessments had amounted to that amount and no more, at the time of the findings in that case."

We express no opinion as to the legal effect of this statement as we do not regard it as material to our decision.

■ Here, as in Baker v. Smith & Gottlieb, Inc., supra, appellee treated the disclaimer of liability and the failure to pay as a total breach and sued for the total damage sustained—the cost of removing the lien as of that date. This was held to be a valid cause of action by the U. S. Court of Appeals. In the case before it that court upheld the contention that the entire cost of the improvements was recoverable in a single action for damages for breach of the contract. We regard this decision as conclusive upon us of the fact that as plaintiff in Case No. 397,249 appellee was entitled to recover an amount sufficient to indemnify him for future installments of the assessment. That the trial court in appellee's first action adopted a different view and misconstrued his measure of damage is immaterial. His remedy was by appeal from that judgment; not in the filing of a second suit.

In Walton v. Ruggles, 180 Mass. 24, 61 N.E. 267, the court through Mr. Chief Justice Holmes said: "The defendant's contract was entire and was broken before the date of the writ. All the damages that the plaintiff ever is to recover he must recover now."

The suit there was for breach of an agreement to pay an installment mortgage note on which plaintiff, vendor of the property, remained liable. The defense was that plaintiff, at the time of suit, had paid but one installment. The court held that the defendant had breached the contract

by his failure to pay the one installment when it matured and that: "The fact that the plaintiff's absolute obligation may not require to be discharged until a future day at most could entitle the defendant only to a discount for prepayment."

In Kimberly Coal Co. v. Douglas, 6 Cir., 1930, 45 F.2d 25, 28, it was held: "that the trial court was of the opinion that recovery could not be had for future injury proximately caused by the breach, is without effect. The judgment on the merits rendered in the former action between the same parties and by reason of the same alleged breach of contract, operates as an estoppel not only as to every element which was in fact made the basis of the claim, but as to every other matter which might with propriety have been litigated and determined in that action."

In McCargo v. Jergens, 206 N.Y. 363, 99 N.E. 838, 839, suit was brought for breach of a five year contract of employment. A deferred item of $2,000.00 was objected to "on the grounds that it was ·not pleaded, and that it did not accrue until after the commencement of the action". Although included in the original judgment it was eliminated by stipulation and the judgment modified accordingly. A second action was filed for its recovery and judgment given for the amount. In reversing this judgment the court said: "An action for wrongful discharge may include every element of damage arising from the discharge. It is an indivisible action, and one recovery is a bar to any further action for damages."

In Overland Washington Motor Co. v. Alexander, 1915, 43 App.D.C. 282, defendant admitted owing one item of the claim. The court entered a judgment under former Rule 73 for that part and issue was joined on defendant's pleas denying liability as to the part in dispute. On appeal it was held that the judgment was a bar to the further prosecution of the action.

See, also, Philadelphia, B. & W. R. Co. v. Karr, 38 App.D.C. 193; Poling v. Washington Loan & Trust Co., 53 App.D.C. 212, 289 F. 610; Olmstead v. Bach and Myers, 78 Md. 132, 27 A. 501, 22 L.R.A. 74, 44 Am. St.Rep. 273.

The effect of a judgment as an estoppel is summarized in United States v. Moser, 266 U.S. 236, 45 S.Ct. 66, 67, 69 L.Ed. 262, as follows: "The general principles [of res judicata] are well settled, and need not be discussed. The scope of their application depends upon whether the question arises in a subsequent action between·the same parties upon the same claim or demand or upon a different claim or demand. In the former case a judgment upon the merits constitutes an absolute bar to the subsequent action. In the latter case the inquiry is whether the point or question presented for determination in the subsequent action is the same as that litigated and determined in the original action."

The present case falls within the first described class. The action is between the same parties, on the same cause of action. The prior judgment is conclusive and no inquiry may be made as to the particular point or question involved in the decision of that suit.[1]

The judgment is therefore reversed and the case remanded with instructions to the trial court to set aside the former judgment and to enter judgment for the defendant.

Reversed.

---

[1] A close analogy exists between the rule followed in the present case and that applied by the Circuit Court of Appeals, 6th Circuit, in Federal Life Insurance Co. v. Rascoe, 12 F.2d 693, 696. There an insurer denied liability on a weekly payment indemnity contract on the ground that insured was not permanently and totally incapacitated. Suit was for a lump sum, including payments matured and future payments computed on mortality tables. In part, the court said: "This is a single contract. The fact that defendant is required to perform in part at stated intervals does not change its unitary character into a multiplicity of contracts, each relating to but one installment. If there has been an actual breach, coupled with repudiation, of this one contract, then, to avoid a multiplicity of suits, public policy requires that plaintiff may maintain but one action for the entire damages occasioned by such breach."

Certiorari was denied, 273 U.S. 722, 47 S.Ct. 112, 71 L.Ed. 859. This is apparently the only Federal Court decision on a question on which State Courts are sharply divided.

See, also, Roehm v. Horst, 178 U.S. 1, 20 S.Ct. 780, 44 L.Ed. 953; O'Neill v. Supreme Council, American Legion of Honor, 70 N.J.L. 410, 57 A. 463, 1 Ann. Cas. 422.