Jerome S. MURRAY, Appellant,

v.

Clarice G. HIMELFARB and Jordan S. Himelfarb, Clarice G. Himelfarb and David Wiener, Executors of the Estate of Solomon A. Himelfarb, deceased, Appellees.

No. 2398.

Municipal Court of Appeals for the District of Columbia.

Submitted June 1, 1959.

Decided Sept. 18, 1959.

H. Max Ammerman, Washington, D. C., for appellant.

Irving B. Yochelson and David Wiener, Washington, D. C., for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

1. He is now dead and his executors have been substituted for him.

**HOOD, Associate Judge.**

This case was tried on the following stipulated facts. On December 31, 1953, Mr. and Mrs. Himelfarb,[1] hereafter called the sellers, entered into a contract to sell to Murray, hereafter called the purchaser, certain land in the District of Columbia for a price of $240,000. The contract provided that the property "is sold free of encumbrance * * *; title is to be good of record and in fact"; and the contract called for settlement within sixty days or as soon thereafter as report on title could be secured.

Prior to the making of the contract the District of Columbia had filed suit in the United States District Court for the District of Columbia to condemn certain land for the widening and extension of a public alley at the rear of the property here involved, but no portion of this property was to be condemned and the sellers were not parties to the condemnation suit. Under our statute[2] benefits may be assessed in such a proceeding, and on February 15, 1954, the condemnation jury returned its verdict awarding damages for the property taken and assessing benefits. Certain benefits were assessed against the property here involved. Objections to the assessment of benefits were filed by the sellers prior to March 19 but the verdict of the jury was ratified and confirmed on April 6, 1954. The record does not disclose whether either the sellers or the purchaser had knowledge of the pending condemnation suit at the time they entered into the contract.

Settlement of the contract was had on March 24, 1954, after the verdict of the condemnation jury but before the verdict had been confirmed. At settlement the title company took the position that the tentative assessment for benefits was an encumbrance on the property. In order to complete settlement, but at the same time to maintain their respective positions, i. e., the purchaser's contention that the assess-

2. Code 1951, § 7–324.

ment was an encumbrance and the sellers' contrary contention, the parties agreed to leave $1,700 of the purchase price in escrow with the title company and the purchaser agreed to institute suit against the sellers for judicial determination of the question. Settlement was accordingly made and thereafter the sellers called upon the purchaser to file suit as agreed, but he failed to do so. As a consequence the sellers brought this action against the purchaser and the title company for recovery of $1,700. The purchaser answered, asserting that the funds were lawfully his and cross-claimed for that amount against the title company. The title company answered that it held the funds and was ready to pay the same as the court directed. On the stipulated facts the trial court awarded judgment in favor of the sellers.

On this appeal the purchaser argues that the tentative or prospective assessment in existence at the time of the settlement constituted an encumbrance and created "a defect in title." For reasons hereafter stated we cannot agree.

 In the first place, under our statute[3] the assessment of the jury did not become a lien on the property until confirmed by the court, and the verdict was not confirmed until after settlement. Therefore the assessment was not a lien on the property at the time of conveyance. See Tomes v. Thompson, 112 Conn. 190, 151 A. 531, 72 A.L.R. 297.

A more fundamental reason is that under the circumstances of this case the special benefit assessment was not an encumbrance within the meaning of the contract. At time of settlement the sellers conveyed to the purchaser exactly that which he had bargained for. It is true that at time of conveyance there was a pending assessment, but this assessment was created by no act or dereliction of the sellers. It was created by the District of Columbia pre-

sumably because the property was to be benefited, i. e., enhanced in value by improvements to be made by the District. Nothing was taken from the purchaser because at least in contemplation of law his property was to be improved and he was required only to pay for such improvements. If the sellers were required to pay for these improvements the effect would be to give to the purchaser something more than he contracted for, that is, he would receive the property in its improved condition rather than in the condition contracted for. See Gotthelf v. Stranahan, 138 N.Y. 345, 34 N.E. 286, 20 L.R.A. 455; Cornelius v. Kromminga, 179 Iowa 712, 161 N.W. 625. Machen v. Yost, 54 App.D.C. 261, 296 F. 1008, is not to the contrary. There the seller, prior to the contract, had petitioned for the special improvement, and the improvement had been completed prior to conveyance.

Affirmed.