Koo L. YUEN, Appellant,

v.

Levi T. DURHAM, Appellee.

No. 84–455.

District of Columbia Court of Appeals.

Argued Nov. 14, 1984.

Decided March 5, 1985.

Chester N. Katz, for appellant.

Jeffrey P. Bloom, Washington, D.C., with whom Eric M. May, Washington, D.C., was on brief, for appellee.

Before FERREN and ROGERS, Associate Judges, and REILLY, Chief Judge, Retired.

ROGERS, Associate Judge:

This is an appeal from the grant of summary judgment and denial of a motion for reconsideration. Because appellee failed to seek a judgment against appellant in the full amount to which he was entitled in a prior suit, he is precluded by *res judicata* from obtaining another judgment on the same claim against appellant for an additional amount. Accordingly, we reverse.

## I

Yuen and Durham entered into a sales contract in the District of Columbia in January 1981, whereby Yuen purchased a gasoline station in the District of Columbia known as Durham's Texacare. Durham also conveyed to Yuen three pieces of equipment, each "subject to a purchase lease"[1] payable at the rate of $900 per month for 50 months. When Yuen ceased installment payments on two of the leases, the lessor accelerated the defaulted leases and sued Durham, in his capacity as personal guarantor of the leases, in the Circuit Court for Prince George's County, Maryland for $27,448.70, the total of all installments due under the leases. *Frederick v. Durham*, Law No. 88609 (Md. Oct. 19, 1982). Durham filed a third-party suit against Yuen in the same case for all installment payments, claiming "the debt arising from the lease is solely the obligation of Koo L. Yuen," and for liquidated damages of $1,000 under the sales contract; Durham prayed judgment be entered against Yuen for all monies owed and liquidated damages. Yuen denied liability on the ground he had not assumed any obligation under the lease. The Maryland court found that the parties intended at the time

of execution of the sales contract that Yuen would assume the lease payments for the three pieces of equipment. Judgment was awarded to the lessor against Durham for the total amount ($27,448.70) and, in accordance with his oral damage request,[2] Durham obtained a judgment against Yuen for $11,954.88, which Yuen paid on December 2, 1982.

In June 1983, Durham filed a motion for summary judgment in the original Maryland case for further installments due. Yuen opposed the motion on the ground that the matter was *res judicata* since Durham had alleged in his third-party complaint that Yuen was liable for all amounts owing on the lease, and that the judgment entered against Durham in favor of the lessor was for the full amount. He relied on *In re Carlin's Estate*, 212 Md. 526, 533, 129 A.2d 827, 831 (1957) ("[a] judgment or decree in a suit for a part only of a single cause of action or entire claim permits *res judicata* to be successfully relied on if the remainder is sued on later"). He also cited *Smith & Gottlieb, Inc. v. Cheatham*, 31 A.2d 676, 677 (Mun.App.D.C.1942) for the proposition that the fact the trial court misconstrued the measure of damages is immaterial as a defense to the bar of *res judicata*, thus implying that Durham should have moved for reconsideration or appealed if he believed the court mistakenly understated his damages. The court denied Durham's motion on the basis that a "judgment absolute" had been entered on the claim in the original action, and, in order to get a ruling on the merits, Durham would have to file a new action. Dur-

---

1. The "purchase lease," which by its terms is governed by Maryland law, appears to be a conditional sales contract. *See* 28 D.C.Code §§ 9–101–113 (1981 & Supp.1984) (Secured Transactions); *id.* § 9–408 (Supp.1984) (Financing statements covering consigned or leased goods).

2. At trial, in response to the trial court's question of what judgment he was seeking, Durham's attorney stated he was seeking a judgment for 20 months, up to the present time, of

$11,954.88. Durham also sought release of the equipment, which he claimed Yuen was holding "as hostage because Mr. Durham will not release him on the [third party] suit," but had not specifically requested that relief. When his attorney stated "Otherwise we will be before this Court again," the court advised "[t]he Court's ruling in this matter will be *res judicata* on the facts, so I doubt if you will be back here again. It will be a summary judgment type of action."

ham thereafter filed suit in the Superior Court of the District of Columbia.

In the District of Columbia case, Yuen filed a motion to dismiss on the grounds the third-party judgment in the Maryland case was *res judicata* as to liability and damages. Durham responded with a motion for summary judgment claiming the third-party judgment was *res judicata* only as to Yuen's liability for the monthly payments due to the date of the Maryland judgment, and sought judgment in the amount of $8,349.39, the value of installment payments due under the leases from that date, October 19, 1982 to July 19, 1983. The motions were scheduled for hearing on February 6, 1984, but only Durham's counsel appeared. The trial court denied Yuen's motion to dismiss, ruling that the acceleration clause of the lease bound the lessor and Durham, but did not affect Durham's sales contract with Yuen which called for monthly payments of $900 for 50 months. Holding Durham's suit based on the sales contract was not barred by *res judicata*, the trial court granted the motion for summary judgment and awarded Durham judgment for $8,349.39.[3] On April 26, 1984, the court denied Yuen's motion for reconsideration. Yuen now appeals from the orders granting summary judgment and denying reconsideration of the motion for summary judgment and dismissal on the ground of *res judicata*.

## II

▮ Upon review of the grant of a motion for summary judgment, the appellate court makes an independent review of the record, and our standard of review is the same as that of the trial court in initially considering the motion. *Phenix-Georgetown, Inc. v. Chas. H. Tompkins Co.*, 477 A.2d 215, 221 (D.C.1984). Summary judgment is properly granted when the pleadings and other materials on file show that no genuine issue of material fact remains

for trial and the movant is entitled to judgment as a matter of law. Super.Ct.Civ.R. 56(c); *McCoy v. Quadrangle Development Corp.*, 470 A.2d 1256, 1258 (D.C.1983).

The parties agree that the doctrine of *res judicata* applies, but disagree about its effect. Yuen relies on the well settled principle that the doctrine of *res judicata* bars further claims based upon the same transaction. Durham responds that since Yuen never assumed the leases, the doctrine of *res judicata* required Durham to include *only* those installments then due and owing. Both parties rely on *Le John MFG. Co. v. Webb*, 91 A.2d 332 (D.C.1952), in which the court found no distinction between an employment contract and an ordinary installment contract. Yuen cites *Le John* for the proposition that, under the principle of *res judicata*, a plaintiff "must include all installments then due and owing or else ... forever lose his right to maintain a later action on those which were due but omitted from his suit." *Id.* at 335. Durham relies on *Le John* for the proposition that failure to pay each installment as it falls due gives rise to a separate cause of action, and when a plaintiff brings suit he must include only all installments then due and owing. *Id.* Nothing in *Le John*, however, addressed future payments.

In *Smith & Gottlieb, supra,* 31 A.2d at 677, the court held that plaintiff-appellee forfeited all future installments not included in the initial suit. In that case, the contract between the parties provided that the defendant could pay in one lump sum or in installments. The plaintiff originally brought suit for the entire amount, but was granted only a partial judgment. Instead of appealing the partial judgment, he filed a second suit. Reversing the trial court's ruling in his favor, this court held that by failing to appeal the judgment, the plaintiff was held to have lost claim to any amount not satisfied by the judgment. *Id.* at 678.

---

3. By stipulation filed in the trial court on October 2, 1984, the parties reduced the damage award to $5,379.70.

The court noted that the contract was "entire," and upon breach the plaintiff was entitled to recover an amount sufficient to indemnify him for future installments. Citing *Baker v. Smith & Gottlieb*, 76 U.S. App.D.C. 403, 132 F.2d 18 (1942), and quoting Mr. Chief Justice Holmes in *Walton v. Ruggles*, 180 Mass. 24, 61 N.E. 267 (1901), the court further stated:

> The fact that the plaintiff's absolute obligation may not require to be discharged until a future day at most could entitle the defendant only to a discount for prepayment.

*Id.* at 677–678.[4]

■ The trial court in the instant case viewed Durham's suit on the basis of its interpretation of the parties' sales contract, holding that the purchase lease acceleration clause did not bind Yuen since it was not part of their sales contract, and Durham was therefore entitled to sue on each of the payments as they became due. The sales contract provided, however, that Yuen was to make monthly payments of $900 for three pieces of equipment, each of which was conveyed to him "subject to a purchase lease." The Maryland court specifically found Yuen had assumed the lease payments. As this finding was the basis for its entry of judgment against Yuen, the Maryland court's ruling is binding on the trial court. *United States v. Moser*, 266 U.S. 236, 242, 45 S.Ct. 66, 67, 69 L.Ed. 262 (1924) ("a fact, question or right distinctly adjudged in the original action cannot be disputed in a subsequent action, even though the determination was reached

upon an erroneous view or by an erroneous application of the law"), cited in *Smith & Gottlieb, supra,* 31 A.2d at 678; *cf. Ehrenhaft v. Malcolm Price, Inc.,* 483 A.2d 1192, 1199 (D.C.1984) (law of the case). Accordingly, when Yuen failed to make the monthly payments he breached his contract with Durham, and hence, Durham was entitled, as his third-party complaint prayed, to recover the total amount from Yuen once the lessor accelerated payments under the lease and obtained a judgment against Durham for the total amount due under the lease. *Smith & Gottlieb, supra,* 31 A.2d at 677–78.[5] The issue in the subsequent District of Columbia suit was between the same parties on the same claim, and hence the prior Maryland judgment constituted an absolute bar to the subsequent action. *United States v. Moser, supra,* 266 U.S. at 242, 45 S.Ct. at 67. *See DeLevay v. District of Columbia Rental Accommodations Commission,* 411 A.2d 354, 360 (D.C. 1980); *Neuman v. Neuman,* 377 A.2d 393, 397 (D.C.1977) (citing to case law in other jurisdiction favoring finality). *See also Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979) (application of *res judicata* and collateral estoppel are "central to the purpose for which civil courts have been established, [namely] the conclusive resolution of disputes within their jurisdictions"); *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948) (public policy favors "establishment of certainty in legal relations").

Accordingly, the judgment is reversed and the case remanded with instructions to

4. The Maryland cases cited by the parties are in accord. *Rosenstein v. Hynson,* 157 Md. 626, 147 A. 529 (1929) (installment payments pursuant to a contract which reserved title in the plaintiff until complete payment was recieved; in applying the doctrine of *res judicata* to future installment payments, the court based its decision on its finding that the contract constituted "a single contract [which] must not be subdivided for the purposes of separate suits against the same party."). *See In re Carlin's Estate, supra,* 212 Md. at 534, 129 A.2d at 832 (in suit for existing claims

only, a party is not required to sue for all amounts owing when contract is divisible or breach partial).

5. We do not review the comments of the Maryland trial court, *see supra* note 2, relied upon by Durham, to suggest anything more than that Durham had established his right to possession of the equipment, and in a new suit for replevin, the facts in the lessor's case would be *res judicata* as to Durham's superior right to possession over Yuen's.

enter judgment for Yuen on his motion to dismiss.[6]

---

**6.** The motion for reconsideration is not properly before us. Yuen timely filed a notice of appeal, on March 6, 1984, from the summary judgment granted on February 6, 1984 while his motion for reconsideration was pending; the trial court purportedly denied the motion for reconsideration on April 26, 1984. *See Smith v. Pollin,* 90 U.S.App.D.C. 178, 194 F.2d 349 (1952).